PETER ROBERTSON

*v.*

WILLIAM R. JONES *et al*

1. MEASURE OF DAMAGES—*in trespass for taking coal from the mine of another.* In an action of trespass for taking coal from the plaintiff's mine, he can recover the value of the coal after it is dug in the bank, or he can recover its value at the mouth of the pit, less the cost of conveying it, after it is dug, from the mine to the mouth of the pit. The plaintiff is not limited in his recovery to the value of the coal taken, in the ground.

2. SAME—*in trover for coal taken from the plaintiff's mine.* It seems, when coal is taken from the mine of another and he makes a demand for it at any time whilst it is in the possession of the person who took it, he may recover, in an action of trover, the value of the coal in the condition in which it was at the time of making such demand.

APPEAL from the Circuit Court of Madison county; the Hon. JOSEPH GILLESPIE, Judge, presiding.

Mr. CHARLES P. WISE, for the appellant.

Mr. JOHN W. COPPINGER, for the appellees.

Mr. JUSTICE CRAIG delivered the opinion of the Court:

This was an action of trespass, brought by appellant, in the circuit court of Madison county, against appellees, to recover damages for coal taken from the mine of appellant.

It was conceded upon the trial that appellees had dug and taken from the mine of appellant 17,700 bushels of coal, and the only question presented by this record is, as to the correct measure of damages for the coal taken.

The circuit court, on the admission of evidence, held that appellant was only entitled to recover the value of the coal in the mine before it was taken out, and, at the request of appellees, instructed the jury as follows:

"The court instructs the jury that, if they find for plaintiff, the measure of damages will be the value of coal taken, in the ground, as shown by the testimony."

It is said by Kent, in volume 2. p. 362: "It was a principle settled as early as the time of the Year Books, that whatever alteration of form any property had undergone, the owner might seize it in its new shape, and be entitled to the ownership of it in its state of improvement. if he could prove the identity of the original materials; as, if leather be made into shoes, or cloth into a coat, or a tree be squared into timber."

In *Bells & Church* v. *Lee*, 5 Johns. 348, it was held that where one person entered upon the land of another and cut down trees. and sawed and split them into shingles, and carried them away, the conversion of the timber into shingles did not change the right of property.

In the case of *Davis* v. *Easley*, 13 Ill. 198, it was held by this court, if one enter upon the land of another, cut down trees and convert them into boards. the owner of the trees can maintain replevin for the boards. This proceeds upon the principle that the owner of property wrongfully taken, may pursue and recover it, by any appropriate action, so long as it can be identified.

From these authorities, it follows, that, had appellants instituted an action of replevin when the coal had been dug and placed in the bank, he could have obtained the coal; or, had the coal been demanded at any time after it was taken from the bank, and while in possession of appellees, appellant' could have, in an action of trover, recovered the value of the coal in its then condition, at the time demand was made and the property converted. In either event appellees would have obtained nothing for digging the coal, or other expenses connected therewith.

This, however, is an action of trespass. No demand was ever made for the coal, or action brought to recover the spe-

cific property. Upon this principle, what should be the proper measure of appellant's damages? When the coal was dug from the bed, it became, and was converted by appellees, from its original condition into a chattel. The moment it was severed from the freehold, a right of action then existed in favor of appellant. If he could maintain replevin and recover the coal severed from the land, and upon this there can be no doubt, upon the same principle, in an action of trespass, he has the right to recover the value of the coal after it is dug in the bank; or, he could recover the value of the coal at the mouth of the pit, less the cost of conveying it, after dug, from the mine to the mouth of the pit.

This rule is founded in justice, and seems to be sustained by the authorities.

In *Martin* v. *Porter*, 5 Mees. & Wels. 302, which was a case in its facts very analogous to the one under consideration, Lord ABINGER said: "It may seem a hardship that the plaintiff should have this extra profit of the coal, but still the rule of law must prevail." PARK said: "I am not sorry this rule is adopted; it will tend to prevent trespasses of this kind, which are generally willful."

In Hilliard on Torts, p. 419, 420, the rule, as declared by the author, is: "In trespass, for severing and carrying coal from plaintiff's mine, the proper measure of damages in respect to the coal taken is, its value as soon as it existed as a chattel; that is, as soon as severed." See, also, *Martin* v. *Porter*, 5 M. and W. 353.

From these views, it follows that the ruling of the circuit court, in the admission of evidence, and in the instruction given for appellee, was contrary to the doctrine here announced, and was error, for which the judgment will be reversed and the cause remanded.

*Judgment reversed.*