Illinois and St. Louis Railroad and Coal Co.

*v.*

David Ogle.

82  627
f88a 598
82  627
d187 ¹ 31

Measure of damages—*in trespass for taking coal from the mine of another.* In an action of trespass for taking coal from the plaintiff's mine, he may recover the value of the coal at the mouth of the pit, less the cost of carrying it there from the place where it was dug, allowing the defendant nothing for digging.

Appeal from the Circuit Court of St. Clair county; the Hon. William H. Snyder, Judge, presiding.

Messrs. G. & G. A. Kœrner, for the appellant.

Messrs. C. W. & E. L. Thomas, for the appellee.

Mr. Justice Craig delivered the opinion of the Court:

This was an action of trespass, brought by David Ogle in the circuit court of St. Clair county, against The Illinois and

St. Louis Railroad and Coal Company, to recover damages for an unlawful entry upon the plaintiff's close, and digging out a certain vein of coal. A trial of the cause before a jury resulted in a verdict and judgment in favor of the plaintiff, to reverse which this appeal was taken by the defendant.

The only error assigned is, that the court erred in instructing the jury in regard to the measure of damages, as follows:

" If the jury believe, from the evidence, that the defendant trespassed upon plaintiff's land, and mined coal therefrom, and converted it to its own use, the jury are to be in nowise limited by the value of the land itself, but must regard the instructions of the court upon the question of what is the proper measure of damages.

" If the jury believe, from the evidence, that the defendant, by its servants and employees, mined coal from plaintiff's land without his consent, as alleged in the declaration, and did so by mistake or inadvertence, and without knowledge that the coal was being mined from plaintiff's land, then the jury are bound to allow plaintiff the value of the coal taken from his land within five years before this suit was commenced, estimated at the pit mouth, less the cost of carrying it where it was dug to the pit mouth, or, in other words, the plaintiff, under the above circumstances, is to be allowed the value of the coal at the pit mouth, less the cost of carrying it there from the place where it was dug, allowing defendant nothing for the digging, the verdict, however, not to exceed $65,000."

In *Robertson* v. *Jones*, 71 Ill. 405, the same question presented by the instructions of the court in this case arose, and we there held, in an action of trespass, the owner of the mine could recover the value of the coal as soon as it was severed and became a chattel, or he might recover the value of the coal at the mouth of the pit, less the cost of removing it from the mine, after it was dug, to the pit's mouth.

The instructions given are in harmony with the views expressed in *Robertson* v. *Jones*, but it is urged by appellant that a different rule has been established in other courts, and

our attention is called particularly to *Wood* v. *Morewood*, 43 E. C. L. 810; *Forsythe* v. *Wells*, 41 Pa. St. 291; and the late case, in Michigan, of *Winchester* v. *Craig*, decided at the January term, 1876.

The decision in *Robertson* v. *Jones*, *supra*, although in harmony with other authorities, is predicated mainly on the decision of *Martin* v. *Porter*, 5 M. & W. 353, which, like the case before us, was an action of trespass for breaking and entering the plaintiff's close and carrying away coal, by an owner of an adjoining estate. On motion to reduce the damages, before a full bench, it was held that the plaintiff was entitled to recover the value of the coal as soon as it existed as a chattel, which would be its value at the mouth of the pit, after deducting the expense of carrying the coals from the place in the mine where dug, to the pit's mouth.

This decision was rendered in 1839. In 1841, *Wood* v. *Morewood*, *supra*, was tried at Derby Summer Assizes, before Baron Park, and on the trial the Baron directed the jury: " That if there was fraud or negligence in the defendant, they might give as damages, under the count in trover, the value of the coals at the time they first became chattels, on the principle laid down in *Martin* v. *Porter;* but if they thought that the defendant was not guilty of fraud or negligence, but acted honestly and fairly, in the full belief he had a right to do what he did, they might give the fair value of the coals, as if the coal fields had been purchased from the plaintiff."

This decision is cited by appellant as authority that the rule announced in *Martin* v. *Porter* was not adhered to in the courts in England; but the fallacy of the position is fully established by the decision of *Morgan* v. *Powell*, 43 Eng. Com. L. 734, which was an action of trespass for entering the plaintiff's close, and mining and carrying away coal. On a rule before Lord Denman, Patterson, Williams and Colridge, J J., to show cause why the expense of mining and carrying the coals from the mine to the mouth of the pit should not be deducted from the verdict, Lord Denman said: "We are of opinion that the rule in *Martin* v. *Porter*, is correct, and

properly applicable to the present case. The jury must give compensation for the pecuniary loss sustained by the plaintiff from the trespass committed in taking his coal, compensation having been separately given for all the injury done to the soil by digging, and for the trespass committed in digging the coal along the plaintiff's adit; and the estimate of that loss depends on the value of the coal when severed—that is, the price at which the plaintiff could have sold it. This, plainly, was the value of the coal at that moment. The defendant had no right to be reimbursed for his own unlawful act in procuring the coal, nor can he, properly speaking, bring any charge against the plaintiff for labor expended upon it. But it could have no value as a salable article without being taken from the pit. Any one purchasing it there, would, as of course, have deducted from the price the cost of bringing it to the pit's mouth. Instances may easily be supposed where particular circumstances would vary this mode of calculating the damage, but none such appear."

In the argument, the case of *Wood* v. *Morewood*, decided at *Nisi Prius* by PARK, B., was cited, and relied upon as establishing the correct rule of damages. Yet the court in no manner alluded to that decision, but, on the other hand, followed and affirmed *Martin* v. *Porter*.

The doctrine announced in *Martin* v. *Porter* was again followed and adhered to in the case of *Wild et al.* v. *Holt*, 9 Mees. & Wels. 672.

So far, therefore, as we understand the English authorities, in an action of trespass, like the case under consideration, the rule of damages is well settled that the plaintiff is entitled to recover the value of the coal at the mouth of the pit, after deducting the cost of removing it from the place where mined to the pit's mouth.

No necessity exists for one miner to trespass upon an adjoining owner. If proper maps and plans of the mine are kept, and measurements and surveys of the work made, as required by common prudence and the statute, each miner will have no difficulty in confining his operations to his own estate.

When, therefore, one miner, in disregard of his duty, invades the property of another, he should not be permitted to profit by his unlawful act, which would be the case if the trespasser was only required to pay the value of the coal as it existed in the mine before it was taken.

It is true, a different rule was established in *Forsythe* v. *Wells, supra,* cited by appellant; but that case seems to be predicated upon what was said in *Wood* v. *Morewood, supra,* which, as we have attempted to show, can not be regarded as the doctrine of the English courts. The doctrine announced in the Michigan case, cited by appellant, in so far as the question here involved is discussed, seems to follow the rule announced in the case cited from Pennsylvania, which we are not inclined to adopt.

The same question involved in this case, in 1873 came before the Supreme Court of Maryland, in *Berlin Coal Co.* v. *Cox,* 39 Md. 1. The action was trespass, to recover damages for mining and carrying away coal. The court, after a thorough and able review of the authorities bearing upon the question of the correct rule of damages, approved and followed the rule announced in *Martin* v. *Porter, supra.* In the concluding part of the opinion bearing upon the question, it is said: " The necessity and importance of this rule can scarcely be magnified in a community where the wealth of the country consists in its mineral deposits."

It is true the authorities in the States are not entirely harmonious, but we are satisfied the rule announced in *Robertson* v. *Jones* is correct in principle, that it is in harmony with the rule adopted in England and in most of the States, and we perceive no reason for departing from the doctrine announced.

Believing that the instructions of the circuit court are correct, the judgment will be affirmed.

*Judgment affirmed.*