## JOSEPH T. DONOVAN

*v.*

## THE CONSOLIDATED COAL COMPANY OF ST. LOUIS.

*Opinion filed October 19, 1900.*

1. TRESPASS—*one knowingly authorizing another to mine third party's coal is a trespasser.* One who knowingly assumes to grant to a mining company the right to mine coal belonging to a third party, and who receives the price for coal so mined, is a trespasser, notwithstanding he does not participate in mining the coal other than by authorizing the mining company to do so.

2. SAME—*measure of damages where one mines coal belonging to another.* One who through negligence or inadvertence mines coal belonging to another is liable for the value of the coal so mined *in its severed condition,* and is not entitled to any allowance for the digging.

*Donovan* v. *Consolidated Coal Co.* 88 Ill. App. 589, affirmed.

APPEAL from the Appellate Court for the Fourth District;—heard in that court on appeal from the Circuit Court of St. Clair county; the Hon. M. W. SCHAEFER, Judge, presiding.

DILL & WILDERMAN, and GEORGE C. REBHAN, for appellant.

CHARLES W. THOMAS, for appellee.

Mr. JUSTICE CARTWRIGHT delivered the opinion of the court:

Appellant owned a tract of twenty-four and a half acres of land in St. Clair county, in which was a coal mine known as the "Johnson mine." He also owned the surface of an adjoining tract on the west, containing one hundred and thirty-five acres, but appellee owned the coal under said surface, which had been conveyed to it before appellant obtained his title to the surface. On October 1, 1896, appellant entered into a written contract with the St. Louis and O'Fallon Coal Company, Edward L. Thomas and John T. Taylor, by which he leased to them, for the term of five years from said date, the John-

son mine, with one acre of ground around the shaft and the machinery and appurtenances, and also granted to them the right to mine and remove the coal underlying said lands, including the coal of appellee, to which he did not have or claim any title, and they agreed to pay him a certain price per ton for all the coal so mined. Under this contract the St. Louis and O'Fallon Coal Company went into possession of the mine, and on November 30, 1896, sub-let said mine to Thomas Davis and others, with the right to mine and remove said coal during said term, for which coal the St. Louis and O'Fallon Coal Company was to pay certain prices per ton stipulated in the contract. Under these arrangements, and by virtue of the right which appellant assumed to grant, over five thousand tons of coal owned by appellee under the one hundred and thirty-five acres were mined and removed. Appellant was paid the price specified in his contract per ton for said coal. Appellee brought this action of trespass in the circuit court of St. Clair county against appellant and the parties who mined and removed the coal, to recover damages occasioned by such mining and removal of its coal. The defendants pleaded the general issue, and a jury being waived there was a trial by the court. There was a non-suit as to all the defendants except the appellant, and there was a finding and judgment against him for $2500 and costs. On appeal to the Appellate Court the judgment was affirmed.

The court held as law a proposition submitted by the plaintiff, that if the plaintiff was the owner of the coal and the defendant Donovan made the contract authorizing and empowering the St. Louis and O'Fallon Coal Company, Edward L. Thomas and John T. Taylor to enter upon said coal and dig and carry the same away in consideration of the price per ton to be paid said defendant, and said lessees made some arrangements with other parties under which they dug the coal and defendant received said price per ton, he was guilty of the trespass.

The court refused to hold that if the defendant Donovan did not participate in mining the coal otherwise than by making the contract under which it was dug and mined, then he was not liable for the trespasses.   The action of the court on these propositions is assigned as error, on the ground that the contract of the defendant Donovan did not create any such relation between him and the other parties, or give him any such control over them, as to make him liable for their trespasses.   There are cases where a liability may arise out of the relation of the parties, as, a master may become liable for the act of a servant or a principal for that of his agent although not authorized by him.   But questions of that kind are immaterial in this case.   It was not sought to hold Donovan liable for some act not authorized by him, but the trespass for which the suit was brought was the identical thing authorized by him.   He undertook, without the consent of the plaintiff, to dispose of its coal, and the question is not the same as whether he would have been responsible for a trespass upon adjoining property not mentioned in his contract.   Donovan authorized the other parties to commit the trespass in part for his benefit. He authorized them to take plaintiff's coal, and they took it and paid him a stipulated price per ton, and as he authorized and directed the trespass he is bound to answer to the plaintiff.

The coal was worth on the cars at the mouth of the pit sixty-five cents a ton, and the cost of bringing it from where it was mined and putting it on the cars was thirteen cents a ton.   On the measure of damages the court held as correct the proposition of law submitted by plaintiff, that such measure of damages was the full value of the coal at the mouth of the pit less the cost of transporting it from the place where it was dug to the mouth of the pit, and if it was loaded upon railroad cars, the measure of damages was its value after it was so loaded less the cost of transporting it from the place where it

was dug and loading it upon the cars.   It is argued that the measure of damages stated in these propositions is not applicable to the case because the defendant was not a willful trespasser, and that, in such case, the measure of damages should be the value of the coal as it was in the bank or earth before it was mined.   Defendant testified that he had never been in the possession of the coal owned by appellee and never claimed title to it; that he knew it was owned by the plaintiff; that he had a large plat upon the wall in his office, and in making the contract failed to remember that the coal had been sold to plaintiff, and that he could give no other explanation of his contract and never intended to dispose of plaintiff's coal.   The rule contended for was given in *Robertson* v. *Jones*, 71 Ill. 405, but this court reversed the judgment because of giving it, and laid down the rule stated in the proposition in this case.   Afterward, in the case of *Illinois and St. Louis Railroad and Coal Co.* v. *Ogle*, 82 Ill. 627, this question of the measure of damages was fully considered. In that case the trial court instructed the jury that if the defendant, by its servants and employees, mined coal from the plaintiff's land without his consent, as alleged in his declaration, and did so by mistake or inadvertence, without knowledge that the coal was being mined from the plaintiff's land, the jury were bound to allow plaintiff the value of the coal at the pit mouth less the cost of carrying it from the place where it was dug, allowing defendant nothing for the digging.   The instruction was held to be correct, and the court, upon a review of authorities, said (p. 630): "No necessity exists for one miner to trespass upon an adjoining owner.   If proper maps and plans of the mine are kept and measurements and surveys of the work made, as required by common prudence and the statute, each miner will have no difficulty in confining his operations to his own estate.   When, therefore, one miner, in disregard of his duty, invades the property of another, he should not be permitted to

profit by his unlawful act, which would be the case if the trespasser was only required to pay the value of the coal as it existed in the mine before it was taken." In *Illinois and St. Louis Railroad and Coal Co.* v. *Ogle*, 92 Ill. 353, the court declined to change the rule adopted, and expressed the belief that it rested on sound legal principles and was suggested by a wise and just policy.

Although the value of coal may be increased by mining it and removing it to the surface by the labor of the wrongdoer, the owner is entitled to its full value in its severed condition, and the trespasser can take no advantage of his labor. There was no disputed title to the coal, and the defendant Donovan did not grant the right to mine and carry it away under a *bona fide* belief that he had a right to do so. His act in granting the right to mine it and take it away was not the result of an innocent mistake, but of his own negligence. The measure of damages stated in the proposition was correct. Hilliard on Torts, 419; 1 Addison on Torts, par. 458.

The judgment of the Appellate Court is affirmed.

*Judgment affirmed.*