## Blackberry, Kentucky & West Virginia Coal & Coke Company v. Kentland Coal & Coke Company, et al.

(Decided June 27, 1928.)

### Appeal from Pike Circuit Court.

1. Appeal and Error.—Where, in action to quiet title to certain coal lands and to recover for coal wrongfully mined therefrom, parties agreed to decide only the first issue as to ownership of land and to allow determination of that issue to determine fact of liability for mining coal, defendant could not, after unsuccessful appeal and upon the filing of the reviewing court's mandate in the court below, interpose by an amended answer and counterclaim, and have entertained by the court, a defense which would virtually require retrial of same issues under different defense theory, since he had had his day in court.

2. Appeal and Error.—Where judgment was rendered against only one defendant, but in appeal therefrom the brief of counsel presented questions relative to rights of other defendants, held that such questions were not properly before Court of Appeals, in absence of judgment having been rendered against such defendants.

3. Courts.—The determination of the Court of Appeals of a dispute relative to rights in coal lands held final, since the Court of Appeals is the tribunal vested with authority to finally settle such disputes.

4. Mines and Minerals.—On issue of damages because of one person's having mined coal from lands belonging to another other than the lessor, because, erroneously, such lands were included in the lease, held, in view of fact that land titles in the community were badly confused, that the trespass was not willful.

5. Mines and Minerals.—Where landowners erroneously included in their lease for mining purposes 80 acres of lands belonging to another, and the lessee, in ignorance of this fact, mined such lands, held, in action for recovery for trespass, that such lessors of the 80 acres were liable to the real owners thereof for having contributed to the lessee's trespass, although lessors were innocent of willfully leasing lands of another.

MOORE & CHILDERS for appellant.

HARMAN, FRANCIS & HOBSON and STATON & KESSEE for appellees.

OPINION OF THE COURT BY COMMISSIONER SANDIDGE—
Affirming in part and reversing in part.

This is the second appeal of this case, the first opinion appearing in 212 Ky. at p. 64, 278 S. W. 173. Chloe A. Hatfield and eleven others were the joint owners of a

boundary of land containing about 1,400 acres. They leased it and the coal underlying it unto appellant, Blackberry, Kentucky & West Virginia Coal & Coke Company. The latter company assigned its lease or subleased it unto appellee Alma Thacker Fuel Company. The latter company mined coal from the leased premises. Appellee Kentland Coal & Coke Company instituted this action against the other parties named, claiming to own a tract of land and the coal underlying it, including 80 acres, which, it was alleged, the defendants also claimed to own. It sought to have its title to the 80 acres quieted of the claims of the defendants and to recover the damages for the coal removed therefrom by Alma Thacker Fuel Company. The owners of the 1,400-acre boundary of land and their lessee, Blackberry, Kentucky & West Virginia Coal & Coke Company, and its sublessee, Alma Thacker Fuel Company, filed separate answers, all of which, however, interposed the same defense to the cause of action set out in the petition. The owners of the land denied ownership of the 80 acres in the plaintiff, and by way of counterclaim set up ownership in themselves and sought to have their title quieted. The lessee of the owners and its sublessee likewise denied ownership in the plaintiff, set up ownership in their lessor, and claimed the right to mine the coal in question under the lease from defendants Chloe A. Hatfield and others. The parties agreed to prepare and try the action, first on the question of ownership of the 80 acres of land in dispute; it being agreed that, if plaintiff Kentland Coal & Coke Company succeeded in having it adjudged that it owned the 80 acres, the parties thereafter might prepare the action and have it tried on the question how much coal had been taken therefrom and how much plaintiff had been damaged thereby. It was further understood, of course, that, if the plaintiff failed to establish its ownership of the 80 acres involved, the action would be terminated and the petition dismissed. On the trial of the question of ownership, the chancellor adjudged that the 80 acres in dispute was the property of plaintiff Kentland Coal & Coke Company. The defendants prosecuted an appeal to this court, and the judgment of the chancellor was affirmed. See Blackberry, Kentucky & West Virginia Coal & Coke Co. v. Kentland Coal & Coke Co., supra.

The detailed statement of the steps leading to the judgment above and its affirmance by this court is made necessary by the steps taken upon the filing of this

court's mandate in the court below. When that was done, the owners of the land, Chloe A. Hatfield and others, filed an amended answer and counterclaim by which they sought to be relieved of liability to appellee Kentland Coal & Coke Company for the coal taken from the 80 acres, upon the theory that the lease which they gave to Blackberry, Kentucky & West Virginia Coal & Coke Company did not embrace the 80 acres of land in dispute, and consequently that they were not responsible for the trespass committed by their lessee and its sublessee who trespassed by going outside of the boundary of the lease which they gave. Blackberry, Kentucky & West Virginia Coal and Coke Company filed a separate amended answer and counterclaim, by which it sought to be relieved of liability for the coal taken from the 80 acres in dispute for the same reason. It pleaded that the lease from Chloe A. Hatfield and others to it and the instrument by which it subleased the same tract of land to the Alma Thacker Fuel Company did not embrace the 80 acres of land in dispute, and for that reason it was not responsible if its sublessee, Alma Thacker Fuel Company, went beyond the boundary of the lease and trespassed upon the lands of the Kentland Coal & Coke Company.

In so far at least as this defense was sought to be interposed by appellant, Blackberry, Kentucky & West Virginia Coal & Coke Company, the chancellor disagreed with it and adjudged that that company was liable for the trespass; the damage assessed against it being fixed at $12,232.5. That company prosecutes this appeal from that judgment.

Appellant urges that the chancellor erred in not holding and adjudging that the lease from Chloe A. Hatfield and others to it and its lease to Alma Thacker Fuel Company did not embrace the 80 acres of land in dispute, and consequently that it was not liable for the coal taken and removed therefrom by Alma Thacker Fuel Company. But little need be said to this contention. Appellants had their day in court on this question upon the first submission hereof to the chancellor for judgment. When appellee Kentland Coal & Coke Company, by its petition herein, charged that the owners of the land, Chloe A. Hatfield and others, and their lessee, Blackberry, Kentucky & West Virginia Coal & Coke Company, and its sublessee, Alma Thacker Fuel Company, were responsible in damages to it for entering upon and taking and

removing coal from the 80 acres of land in question, it was incumbent upon the defendants, before submitting the question of liability for taking the coal to the chancellor for judgment, to interpose all of their defenses. When that question was submitted they had interposed no defense save a denial that Kentland Coal & Coke Company owned the 80 acres of land, and an affirmative plea that Chloe A. Hatfield and others did own it and had leased it to Blackberry, Kentucky & West Virginia Coal & Coke Company, and it in turn had leased it to Alma Thacker Fuel Company. Hence, they claimed to own the disputed 80 acres of land and to possess the right to take the coal therefrom; and the question whether defendants were liable to plaintiff because of the coal taken was submitted to and tried by the court under the issues so made and adjudged adversely to appellant thereunder.

After having had its day in court on this question its efforts by the amended answer and counterclaim to have the same issue tried anew and to interpose another defense cannot be entertained. The only questions reserved and not adjudicated upon the first submission hereof were how much coal had been taken and how much appellee Kentland Coal & Coke Company had been damaged thereby; and those questions remained to be determined only in the event Kentland Coal & Coke Company succeeded in having it adjudged that it owned the 80 acres of land in dispute. The first judgment herein, which was affirmed by this court, is conclusive of the issue sought to be raised by appellant, Blackberry, Kentucky & West Virginia Coal & Coke Company, by the amended answer and counterclaim which it filed herein when the mandate of this court affirming the original judgment was filed in the court below.

This appeal was prosecuted by Blackberry, Kentucky & West Virginia Coal & Coke Company. The owners of the land, Chloe A. Hatfield and others, were made parties appellee. A brief in their behalf has been filed herein, by which, for the same reason urged by appellant, they seek to have it held that they are not responsible to the Kentland Coal & Coke Company for the coal taken from the 80 acres of land by the Alma Thacker Fuel Company. They also, after the filing of the mandate in the trial court, filed an amended answer and counterclaim pleading that the lease which they gave Blackberry, Kentucky & West Virginia Coal & Coke Company

did not embrace the 80 acres of land in dispute; and hence that they are not liable even though a sublessee of their lessee took coal from the 80 acres. It appears that upon the second submission of the case the chancellor was not satisfied as to the liability of Chloe A. Hatfield and others, and reserved that question for further adjudication. Consequently, as no judgment has been rendered against them, the questions presented by the brief of their counsel are not properly before this court.

The chancellor concluded and adjudged that the taking of the coal by the Alma Thacker Fuel Company from the 80 acres of land in dispute, under the facts appearing, constituted an innocent rather than a willful trespass, within the rule for determining that question fully discussed in Falls Branch Coal Co. v. Proctor Coal Co., 203 Ky. 307, 262 S. W. 300, 7 A. L. R. 1172; and Sandy River Cannel Coal Co. v. White House Cannel Coal Co., 125 Ky. 278, 101 S. W. 319, 102 S. W. 320, 30 Ky. Law Rep. 1308, 31 Ky. Law Rep. 374; Id., 72 S. W. 298, 24 Ky. Law Rep. 1653, and other cases cited therein. Appellee Kentland Coal & Coke Company has prosecuted a cross-appeal herein, and urges that the chancellor erred in not holding this to have been a willful trespass. To this contention we cannot agree. The lands involved in this controversy lie in the mountains of Pike county. Those familiar with the conditions of land titles in this section of Kentucky know that they have been in hopeless confusion since the foundation of the state. This condition has given rise to endless litigation. A very large per cent. of the 222 volumes of opinions written by this court since its foundation have been devoted to the settlement of disputed land titles in Eastern Kentucky. In this particular case a record of 565 pages of typewritten matter was made on the issue as to whether appellee Kentland Coal & Coke Company or Chloe A. Hatfield and others owned the 80 acres of land in dispute. The dispute was finally terminated by the first opinion of this court herein. That opinion concluded the dispute, because, under our form of government, this court is the tribunal vested with authority to finally settle such disputes. The settlement of this one involved much tedious and laborious research and investigation, and the decision of the question of ownership of the 80 acres was made with great difficulty. This court's conclusions of necessity must be arrived at from the states of fact presented.

The record discloses that Chloe A. Hatfield and others were in utmost good faith in their belief that they were the owners of the 80 acres of land in dispute, and their lessees were likewise in utmost good faith in their belief that this disputed land had been leased to them, and that they had the right under their lease to take the coal from it. The difficulty encountered by this court in arriving at a conclusion as to which of the two claimants should be awarded the decision affords ample evidence that the Hatfields and those claiming under them may well have indulged the good-faith belief that they were the owners of the 80 acres of land. Under the facts appearing in the record, this court concludes that the chancellor correctly adjudged the trespass complained of to have been an innocent rather than a willful trespass. This question, of course, is material only in so far as it affects the measure of damages for the coal taken. The cases above referred to discuss that question fully also.

On the cross-appeal, Kentland Coal & Coke Company insist that 12½ cents per ton, adjudged by the chancellor to have been the value of the coal in place, is too low, and that under the evidence the royalty for mining privileges in the vicinity of the mine at the time of the trespass was shown to have been much greater than 12½ cents per ton. We do not so view the evidence. As we view the evidence pertaining to that question, 12½ cents per ton is a very liberal valuation of the coal in place, under the rule prevailing for ascertaining its value.

Counsel for the various parties to this appeal have cited and had much to say about, and relied to a large extent upon, this court's opinion in Jim Thompson Coal Co. et al. v. Dentzell, 216 Ky. 160, 287 S. W. 548. That case is clearly distinguishable from this, in that there the Jim Thompson Coal Company had leased a tract of land from Mrs. Thompson for coal purposes, and while mining crossed the boundaries of the lands it had so leased and trespassed upon the lands of Dentzell. In that case it was held that Mrs. Thompson was not liable for the trespass committed by her lessee, the Jim Thompson Coal Company, because she did not contribute to the trespass. The trespass by the Jim Thompson Coal Company in that case was held to be a willful trespass; but under its facts the case was entirely different from that here presented. Here the lessee mining company and its lessors, the landowners, claimed the land from which the coal was mined. It was adjudged to belong to

the other claimant. The trespass complained of was contributed to by the landowners because they leased it to the coal company that committed the trespass. Hence what was said in the Jim Thompson opinion is not authority for the case we now have before us. The difference in the facts of the two cases differentiate the legal principles applicable to them. The general rule is that one who authorizes an act of trespass by another, whether expressly or impliedly, is liable therefor, and one who orders, advises, encourages, procures, or incites the doing of a trespass is liable therefor. See Weaver v. Ficke, 174 Ky. 432, 192 S. W. 515; L. & E. R. R. Co. v. Breathitt County Board of Education, 176 Ky. 541, 195 S. W. 1094; 38 Cyc. 1041.

The precise question here presented was before the court in Donovan v. Consolidated Coal Co., 187 Ill. 28, 58 N. E. 290, 79 Am. St. Rep. 206, where the lessor included in his lease to the lessee coal belonging to another. It was said:

"It was not sought to hold Donovan liable for some act not authorized by him, but the trespass for which the suit was brought was the identical thing authorized by him. He undertook, without the consent of the plaintiff, to dispose of its coal, and the question is not the same as whether he would have been responsible for a trespass upon adjoining property not mentioned in his contract. Donovan authorized the other parties to commit the trespass in part for his benefit. He authorized them to take plaintiff's coal, and they took it and paid him a stipulated price per ton, and as he authorized and directed the trespass he is bound to answer to the plaintiff."

In Burch v. King, 14 Ga. App. 153, 80 S. E. 664, lessor leased unto lessee a particular boundary of pine-timbered land to box and work for turpentine purposes, to a portion of which lessor had no title. Holding lessor liable it was said:

"The point has been expressly decided by other courts. In the English case of Leame v. Bray, 3 East 595, Lord Ellenborough held that the maker of the instrument might be sued in trespass, because 'he is the causa causans, the prime mover, of the damage to the plaintiff.' Other decisions follow this doctrine, and hold the maker liable in trespass with

the actual perpetrator, upon the theory that the maker has put in motion the thing which subsequently induced the party to commit the trespass. The execution of the conveyance amounts to an assertion of the maker's right to use the property, and is equivalent to counseling and directing the grantee or lessee to commit the trespass. In Dreyer v. Ming, 23 Mo. 434, it was held that where A, claiming to own land belonging to B, sold timber on the land to C, who cut and removed it, A was liable to B, as principal trespasser, for the value of the timber cut and taken away by C. In London v. Bear, 84 N. C. 266, it was held that trespass would lie against both the lessor and the lessee, though the lessor did not participate in the trespass otherwise than by executing the lease. See, also, Wall v. Osborne, 12 Wend. (N. Y.) 40; Sanborn v. Sturtivant, 17 Minn., 200 (Gil. 174); Meehan v. Edwards (Ky.) 18 S. W. 519, 19 S. W. 179 (13 Ky. Law Rep. 803). In the present case it is alleged that one of the defendants executed the lease or license to the other defendants to commit the trespass for which damages are claimed. This was equivalent to counseling or directing the trespass, and all who concurred in it were jointly liable and subject to be sued in the county of the residence of either.''

The Meehan case, supra, from this court, contains this bare statement of the principle of law:

"If timber was taken from the tract not leased or sold to the appellant, and the appellant afterwards leased or sold the timber to Ryan, and the latter removed it, the appellant is liable.''

Under these principles there is no escape from the conclusion that appellant, Blackberry, Kentucky & West Virginia Coal Company, is responsible for the full damage caused to appellee, Kentland Coal & Coke Company, by the trespass of its lessee, Alma Thacker Coal Company, and that the chancellor erred in holding it liable only to the extent of royalty received by it.

The judgment, therefore, will be affirmed on the appeal and reversed on the cross-appeal for a judgment in conformity herewith.