CASE 97—PETITION ORDINARY—SEPTEMBER 30.

# Hoskins v. J. M. Robinson & Co., &c.

APPEAL FROM CLAY CIRCUIT COURT.

1. CLAIM AND DELIVERY.—If the sheriff under an execution seizes and levies upon property in the possession of the defendant in the execution, which belongs to a third party not a defendant in the execution, the owner may maintain an action against the sheriff for the delivery of the property, although the plaintiff in the execution has executed to the sheriff an indemnifying bond for the seizure of the same. The provisions of section 645 of the Civil Code were intended to facilitate the recovery of property or to prevent the seizure and sale of the property of a party against whom no execution had issued, and were not intended to restrict his rights nor to bar him from resorting to any other remedy to which he was otherwise entitled.

2. SAME.—Section 643 of the Civil Code which provides that "the claimant or purchaser of any property for the seizure or sale of which an indemnifying bond has been taken and returned by the officer, shall be barred of any action against the officer levying on the property if the surety in the bond was good when taken, and such claimant or purchaser may maintain an action upon the bond and recover such damages as he may be entitled

to," refers only to damages that such claimant would be entitled to resulting from such seizure or sale, and was not intended to bar the right to maintain an action of claim and delivery.

THOMAS H. HINES for appellant.

1. The petition meets all the requirements of the Code in actions of claim and delivery, and the prayer is broad enough to entitle the plaintiff to the restoration of the property or its value. Civil Code, sec. 181; Bates v. Buchanan, 2 Bush, 118.

D. K. RAWLINGS of counsel on same side.

H. C. FAULKNER for appellees.

1. A bond of indemnity having been given by the execution plaintiff to the sheriff before a levy under the execution, no action can be maintained by any one against the officer for the goods levied on or for damages for the taking, detention, or sale thereof. Civil Code, secs. 643, 645; Gunn v. Gordehas, 15 B. M., 447; Watron v. Cably, 18 B. M., 660; Williams v. Smith, 4 Bush, 540; Harrison v. Shanks, 13 Bush, 620; Green v. Hackley, 3 Met., 387; Carrington v. Harris, 4 Bush, 624; Dixon v. Bacon, 3 Bush, 534; Jerroll v. Miller, 3 Bush, 62; Secrets v. Markwell, 11 Bush, 316; Snoddy v. Foster, 1 Met., 160; 78 Ky., 33.

A. W. BAKER and W. W. RAWLINGS on same side.

JUDGE GUFFY delivered the opinion of the court.

It appears from the petition in this action that the appellee, Jos. Lewis, was the sheriff of Clay county, and appellee, Morgan, was his deputy, and that by virtue of two executions issued to the sheriff of Clay county against L. S. Holcombe that the said Lewis and Morgan levied upon a lot of property, which was in his possession at time of suit, but which in fact, as alleged, belonged to the appellant, Hoskins, and the object of the suit was to recover possession of the property so seized by the sheriff, it then being in his possession. The sheriff answered, and, besides denying plaintiff's title,

alleged that before the levy and seizure of the property
under the executions aforesaid that the plaintiffs had exe-
cuted indemnifying bonds, as provided in the Code of
Practice, which bonds had been duly returned to the proper
office before the institution of this action. The plaintiffs
in the executions were also permitted to be made parties
and relied upon substantially the same defenses as those
relied upon by the sheriff.

A demurrer was filed to the second and third paragraphs
of the answers of plaintiffs in the execution, and motion
made to strike out of the sheriff's answer the second and
third paragraphs thereof. It seems that the sheriff having
failed to verify his answer, the motion was sustained.
The second and third paragraphs of his answer were stricken
out, and the demurrer overruled as to the answers of
plaintiffs in the execution, but the court further held that
the demurrer reached back to the petition, and adjudged
the petition insufficient, and plaintiff failing to amend, his
petition was dismissed, and from that judgment he prose-
cutes this appeal.

The principal question involved is whether the owner of
property can maintain an action of replevin against the
sheriff who has possession thereof by virtue of the execution
issued against some one other than the plaintiff, bond of
indemnity having been first given and due return made
thereof.

The contention of appellee seems to be that section 645
of the Civil Code is the only provision or law under which
the claimant of property can prevent a sale thereof under
an execution issued against a third party, but we can not

concur in that view. We think that provision of the Code was intended to facilitate the recovery or to prevent the seizure and sale of the property of a party against whom no execution had issued, and that it was by no means intended to restrict his rights nor to bar him from any other remedy that he would otherwise be entitled to resort to. The appellee earnestly insists that section 643 of the Code of Practice bars the right of appellant to prosecute this suit. The section reads as follows· "The claimant or purchaser of any property, for the seizure or sale of which an indemnifying bond has been taken and returned by the officer, shall be barred of any action against the officer levying on the property if the surety in the bond was good when taken, and such claimant or purchaser may maintain an action upon the bond and recover such damages as he may be entitled to."'

This section refers only to the damages that such claimant would be entitled to resulting from such seizure or sale, and was not intended to bar the right to maintain an action of claim and delivery. Indeed the legislature could not divest a party of title to property by any such provision. The object of the section was to relieve the officer in such case from liability to be made to pay the value of the property so sold and the damages that the owner might sustain thereby when the sheriff had taken and returned an indemnifying bond as required by law.　　　　•

It will be seen from section 641 of the Code that one of the covenants of such indemnifying bonds is that the obligors therein will indemnify the sheriff against the damages which he might sustain in consequence of the

seizure or sale of the property. If no suit can be maintained against the sheriff by any claimant of property, it is difficult to see how he could be damaged by the seizure or sale, and that provision of the bond would be useless and meaningless if, under no state of case, suit can be maintained against the sheriff with reference to said property. We have examined the decisions referred to by appellee and fail to see that any of them sustain his contention. The question involved in the case at bar was not involved in any of the decisions to which we have been referred, and the expressions used in said decisions, with regard to the immunity of the sheriff as to damages, is in reference to such damages as we have already enumerated herein.

It will be seen that the sole object of this suit is to recover the property levied on, and then in the possession of the defendants, Lewis and Morgan, and no judgment is asked against them for anything except for the property and the costs. From the averments in the petition the appellant was then the owner of the goods, and the defendants, Lewis and Morgan, were in the possession of them, and that without right, according to the averments of the petition, and if the averments were true he was entitled to an order of delivery and a judgment for the property levied on, hence the court erred in overruling the demurrer and dismissing appellant's petition.

For the reasons indicated the judgment is reversed and the cause remanded, with directions to sustain the demurrer to all that part of the answers filed except such parts as deny the ownership or title of appellant, and for proceedings consistent with this opinion.