CASE 20.—ACTION BY B. C. HICKS AGAINST A. S. WINSTEAD
AND OTHERS.—October 26, 1909.

## Winstead, &c. v. Hicks

Appeal from Henderson Circuit Court.

J. W. HENSON, Circuit Judge.

Judgment for plaintiff, defendants appeal.—Affirmed.

1. Sheriffs and Constables—Levy on and Sale of Exempt Property—Action on Bond—Petition—Sufficiency.—In an action on an indemnity bond given to the sheriff by an execution plaintiff, allegations of the petition that the two horses levied on and sold were plaintiff's only work beasts, and that by such levy and sale he was deprived of their use. etc., that he did not have sufficient provisions, including bread stuff, and animal food, to sustain his family for more than one week, nor sufficient provender to sustain his live stock for more than one week, nor any other personal property, wages, money, or growing crops out of which the said provisions or provender could be provided, were sufficient to sustain a judgment for plaintiff, as against the objections that plaintiff did not state that the horses were his only work beasts at the time of the levy, or that he had not then other personal property not disclosed sufficient to have made up the deficit in his provision.

2. Pleading—Construction—Aider by Verdict or Judgment.—While, on demurrer and before judgment, pleadings are strictly construed against the pleader, after verdict or judgment they are liberally construed to sustain the judgment, and at that time mere formal defects will be held cured.

3. Exemptions—Time for Claim.—While a judgment debtor may waive his exemption. the statute does not require him to notify the sheriff before the execution sale or before the execution of the indemnity bond that he claims the proprty as exempt.

Winstead, &c. v. Hicks.

4.  Sheriffs and Constables—Indemnity to Sheriff—Action—Notice of Exemption—Sufficiency of Evidence.—In an action by an execution defendant on an indemnity bond given the sheriff, evidence held to support a finding that plaintiff notified the sheriff that he claimed the property levied on to be exempt.

5.  Trover and Conversion—Measure of Damages.—The general rule is that in trover the measure of damages is the value of the property, with interest (in the discretion of the jury) from the time of its conversion.

6.  Detinue—Measure of Damages.—In detinue the measure of damages is, as a general rule, the value of the use of the property, plus its deterioration and the necessary expense of recovering it.

7.  Sheriffs and Constables—Indemnity to Sheriff—Effect—Recovery of Exempt Property Siezed.—While the effect of the giving of an indemnity bond to an officer holding an execution is, if the surety is good, to restrict the right of action for damages for the conversion of the property under the execution to an action on the bond, the makers being substituted in liability for the sheriff, the execution of the bond does not prevent the debtor claiming as exempt the property levied on from maintaining an action against the sheriff or the purchaser to recover the property as in detinue.

8.  Sheriffs and Constables—Levy on and Sale of Exempt Property—Action on Indemnity Bond—Measure of Damages.—In an action by the execution defendant on an indemnity bond given the sheriff, the measure of damages for levying on and selling exempt property is the same as in trover, viz., the value of the property, with interest (in the discretion of the jury) from the time of its conversion.

9.  Exemptions—Levy on and Sale of Exempt Property—Action to Recover—Measure of Damages.—In an action by an execution debtor against the sheriff or the purchaser at execution sale of exempt property to recover the property, the measure of damages is the same as in detinue. viz., the value of the use of the property, plus its deterioration and the necessary expense of recovering it.

10. Set-Off and Counterclaim—Subject-Matter—Wrongful Levy and Sale—Action on Indemnity Bond.—In an action by an execution debtor on an indemnity bond given the sheriff for damages for the levy on and sale of exempt property, it was error to adjudge that the damages be set off by the amount of the original judgment.

YEAMAN & YEAMAN for appellants.

POINTS AND AUTHORITIES.

1. The pleadings do not support the judgment. The appellant, sued only for the value of provisions and provender not on hand.

2. An execution defendant must notify either the sheriff or the plaintiff of his claim of exemptions. He cannot stand by and see the property sold, and then claim his exemptions. Commonwealth, for &c., v. Burnett, 19 Ky. L. R., 1856:; 44 S.W. 967.

3. The measure of damages for the wrongful conversion of personal property, is its value at the time of the conversion, plus interest in the discretion of the jury. The plaintiff cannot recover the value of the property and also the value of its use. Sutherland on Dam. Vol. 1, p. 173-4; Vol. 3, p. 480-490; Newcomb-Buchanan Co., v. Baskett, 14 Bush, 680; Rogers v. Twyman, 22 Ky. L. R. 40; White, &c., Co. v. Connor, 111 Ky. 830.

4. The case of Manning v. Grinstead, 28 Ky. L. R. 787, 90 S. W. 553 was where the property itself was recovered, and compensation allowed for the detention.

R. G. HILL and VANCE & HEILBRUNNER for appellee.

We submit that if interest on the value of the horse is all that can be recovered, then not only is there nothing to deter an aggressive plaintiff and officer from making an illegal levy and sale, but the defendant suffers beyond the remedy given to him by law.

He must be made whole for the loss done to him and he is only made whole with a judgment for the value of his work beasts and in addition thereto a judgment for the value of their use.

OPINION OF THE COURT, BY JUDGE O'REAR—Affirming.

An execution issued upon a judgment in favor of Winstead against Hicks was levied upon two horses and a buggy, the property of the latter. A bond of indemnity was required by the sheriff before selling the property, which was executed by the appellants. Thereupon the property was sold. This suit is upon that bond by the execution defendant, who claims that he was a housekeeper of this commonwealth, with a family, that those were his only work beasts, and that he had not the provision for his family and the

provender for his exempt live stock allowed by law, and consequently all the property was exempt from sale under the execution. He laid his damages at $525. The case was submitted to the judge without a jury, who, upon a separate finding of the law and facts, adjudged that the live stock was specifically exempt; that the buggy was exempt under the provision of the statute allowing other personal property in lieu of exempt provision and provender not on hand, fixing the value of the exempt articles at $300, and finding the damages to be $125. The latter sum was arrived at by deducting from the value of the use of the live stock sold the reasonable cost of keeping it for the time the defendant was deprived of it by its seizure and sale under the execution.

The appellants complain of the trial court's conclusion of law and fact, as follows:

First. That the petition was not sufficient to allow a recovery for the animals. It is claimed the plaintiff did not specifically state that they were his only work beasts at the time of the levy, or that he had not then other personal property not disclosed sufficient to have made up the deficit in his provision. The allegations of the petition are that "the said two horses seized, levied on, and sold were his only work beasts, and by the said illegal levy and sale he has been deprived of the use and services of said horses from the 7th of May, 1908, the date of said seizure, whereby he has been damaged as set out," etc. As to the exempt provisions and provender, the allegation is: "That he did not have sufficient provisions, including bread stuff 'and animal food, to sustain his family for more than one week; nor did he have sufficient provender suitable to live stock to sustain his live stock for more than one week;

nor did he have any other personal property, wages, money, or growing crops out of which the said provisions or provender could be provided." These allegations are sufficient, but, if not, after verdict or judgment in plaintiff's behalf, are sufficient to sustain the judgment. The rule is pleadings are liberally construed after verdict or judgment to sustain the judgment, whereas on demurrer and before judgment they are strictly construed against the pleader. Any formal defect in pleadings is deemed cured by the verdict or judgment. Hill v. Ragland, Sheriff, 114 Ky. 209, 70 S. W. 634, 24 Ky. Law Rep. 1053; Dunekake v. Beyer, 79 S. W. 209, 25 Ky. Law Rep. 2002; Ashland, etc., R. Co. v. Lee, 82 S. W. 368, 26 Ky. Law Rep. 700; Harmon v. Thompson, 84 S. W. 569, 27 Ky. Law Rep. 186.

Second. It is not now denied that Hicks was a housekeeper, entitled to the exemptions claimed; nor that the property was of less value than that found by the court. But it was made a ground for the motion for a new trial in the lower court, and for a reversal here that the evidence did not justisfy the finding of the court of the fact that the execution defendant notified the sheriff before the sale, or before the execution of the bond of indemnity, that he claimed the property as exempt. The statute does not impose upon a debtor that duty. True, he may expressly or by his conduct waive the exemption. But, unless he does so, it is not perceived by what authority the court could impose upon him a condition upon which his statutory exemption was made to depend different from or in addition to what the statute had imposed. The courts have taken two views of the question whether the debtor must claim his exemption to be entitled to it. The principal difference

arises out of the difference in the phraseology of the statutes. In some of the states the condition is expressly or impliedly imposed in the statute creating the exemption that the debtor must claim it before it will be allowed to him. In those states it is held he must claim the exemption at or before the time of sale. Freeman on Executions, Sec. 211. But in others the exemption is absolute, and the defendant need not expressly claim it in order to avail himself of his statutory right. Id. Sec. 212, and cases collected. Our statute belongs to the latter class. In the early history of the statutes of exemption from execution the decisions were not in harmony on the subject, but modernly the question seems to have become settled in conformity with the foregoing statement, which seems to us to be in accord with the spirit and reason of the legislation. In this state that rule was applied in Stirman v. Smith, 10 Ky. Law Rep. 665, 10 S. W. 131.

In McGee v. Anderson, 1 B. Mon. 187, 36 Am. Dec. 570, it was held that the execution defendant would be put to his election to claim one of three or more horses (where only two were exempt), one having been levied on by the sheriff under execution. This case seems to be the same in principle in its main aspect as the case relied on by appellants, viz., Commonwealth for the benefit of Breef v. Burnett, 44, S. W. 966, 19 Ky. Law Rep. 1836. In that opinion, in discussing an instruction properly refused (but not copied in the opinion), the court observed: "Instruction No. 9 was properly refused for the reason it was the duty of appellant on or before the day of sale to make known to the officer or plaintiff in the execution that he (appellant) did not have on hand the provisions allowed by law to himself and family, and that

he claimed a sufficiency of the live stock suitable for that purpose as exempt from levy and sale. These facts being peculiarly within his own knowledge, and could not have been known to the officer or the plaintiff in the execution, it was his duty to make that fact known, if it was a fact, in time to assert any claim.'' The above quotation, as will be observed, was with reference to property claimed as exempt in lieu of specific exempt property not on hand. Just what instruction No. 9 was that was then rejected we do not now know. The facts shown in the opinion were that the execution defendant probably had other property cut of which he might have claimed his exemption in lieu of that not on hand in specie. In such instance the execution defendant ought not to put the plaintiff and officer to the hazard of guessing at what the defendant had in his larder. Failing to apprise them, or one of them, when he had opportunity to do so, might justly be regarded as a waiver of his right to claim such property. That opinion did not overrule Stirman v. Smith, supra, and did not advert to the prevailing rule deduced from the authorities elsewhere. Harmonizing it with McGee v. Anderson and Stirman v. Smith, we must hold that it was intended to apply only to those instances where the execution defendant was put upon his election, and, failing to elect, would be deemed to have waived his right. Appellee Hicks practiced this case by the opinion in Commonwealth, etc., v. Burnett, supra. He attempted to show that he gave the sheriff notice of his claim to the exemption. He testified that he lived some distance from the county seat; that he had a young lady, who was operator of the long-distance telephone line between his point and the county seat, to call up the sheriff at the county seat, and notify him that he

(Hicks) claimed the property as exempt, and advised that he protect himself by a bond of indemnity. He further testified that he did not personally use the telephone because he was slightly hard of hearing; but that he stood by and heard the operator repeat the message over the telephone to the sheriff. The sheriff testified that he remembered having been called over the long-distance telephone on the subject of that execution, and that the talking from the other end of the line was a woman's voice; that he did not remember what was said, whether a lien was claimed by some one or whether the property was claimed as exempt. He at first testified that it was the latter, but on cross-examination retracted so far as to say that he had not sufficient recollection on that point to state, but was rather of the impression that it was concerning a lien. He said he had been called but once on the subject. While not conclusive, this evidence persuades the mind that the conversation related by the plaintiff was had. The sheriff corroborates the plaintiff as to the fact of the conversation, and the time and manner of it. There was no testimony to the contrary. There was a mortgage lien on the property, but it was not contended that the lienholder or any one other than Hicks called the sheriff to notify him of the fact. It is a reasonable inference that the plaintiff, even if he mentioned the mortgage, also mentioned his own claim of exemption. The circuit judge believed his testimony, and we find no ground for rejecting it.

Third. The general rule is that in an action of trover the measure of damages is the value of the property, with interest (in the discretion of the jury) from the time of its conversion (Sanders v. Vance, 7 T. B. Mon. 209, 18 Am. Dec. 167), while in actions of

detinue the criterion is the value of the use of the property, plus its deterioration and necessary expense in recovering it. Exceptional circumstances under proper averments admit of a somewhat different criterion in the latter cases. Manning v. Grinstead, 90 S. W. 553 28 Ky. Law Rep. 789; Schulte v. L. & N. R. R., 108 S. W. 941, 33 Ky. Law Rep. 31.

Although this is an action on the bond of indemnity, it is properly classified as belonging to that of actions of trover at the common law. The effect of the execution of the bond is, if the surety is good, to restrict the right of action for damages for the conversion of the property under the execution to an action on the bond. The makers of the bond are substituted in liability for the sheriff. But the execution of the bond does not prevent the debtor claiming the property levied on as exempt from maintaining an action against the sheriff who has levied upon it or the purchaser to recover the property as in detinue. Bethel v. Van Meter, 9 Ky. Law Rep. 331; Hoskins v. J. M. Robinson Co., 101 Ky. 667, 42 S. W. 113, 19 Ky. Law Rep. 877.

In neither instance is the character of the action, whether on the bond or against the officer or the purchaser or the plaintiff in the execution, different from the common-law actions of trover and detinue. It follows that the measure of damages allowed in those cases from ancient times and consistently is the correct measure upon the bond. Sections 492, 493, Sedgwick on Damages; Freeman v. Luckett, 2 J. J. Marsh, 390; Daniel v. Holland, 4 J. J. Marsh, 18; Justice v. Mendell, 14 B. Mon. 12.

In allowing a recovery of $125 for the use of the horses, and in addition to their value, the trial court erred in this case. But the court went further, and

adjudged that the damages of $125 be set off by the debt of $100, for which the plaintiff in the execution had judgment against the defendant (appellee). That, too, was error. Mulliken v. Winter, 2 Duv. 256, 87 Am. Dec. 495; Collett v. Jones, 7 B. Mon. 586.

The plaintiff (appellee) should have had judgment for the value of the exempt property and interest, but no more. The result of the judgment appealed from is not substantially different from what it would have been had the court pursued the correct course in estimating the damages.

The original judgment of appellant against the appellee is not affected by the judgment appealed from.

Affirmed.