JUDGE ROBERTSON
delivered the opinion of the court:
Under six executions issued on six several judgments against Christopher Thomas, and all levied on a tract of land of about two hundred and forty acres, the appellee, H:. D. McHenry, bought'the entire tract for the amount considered collectable by the executions, and which was not more than half the value of the [land; and the sheriff, having so returned him as highest b|dder, and there being no redemption, conveyed the legal title to him as purchaser, on the satisfaction of the executions.
The appellant, R. J. Daniel, claimed the land under an executory sale of it to him by Thomas, a few days before the date of the judgments and a conveyance of the legal title executed after the levy of the executions; and, having taken possession, and claiming to hold it rightfully through several tenants, the appellee sued him and them in an action of ejectment, which, on his answer asserting a superior equity, was, on his motion, transferred to the equity docket. After full preparation, the chancellor adjudged the land to the appellee.
The principal question litigated was, whether, as charged by the appellee, but denied by the appellant, *280 the sale and convejrance by Thomas were fraudulent and voidable by his creditors; and this court, on a careful consideration of all the facts, adjudges it. fraudulent and rightfully avoided by the judgments and executions of some of those creditors. To recite the facts conducing to this conclusion is deemed unnecessary. The collusion is too transparent to need demonstration by argument.
The land was, therefore, subject to the sale under the executions; and if that sale be valid and' maintainable, the whole title is in the appellee, and the judgment in this case, therefore, right.
But, on this hypothesis, the appellant urges, in this court, two objections to the appellee’s title, and, consequently, to the judgment of eviction. 1st. That the appellant was, at' the time of the sale under executions, in the adverse possession of the land, claiming title thereto ; and that, therefore, the sale was champertous and void; and, 2d. That the amount reported as bid by the appellant exceeded by about sixty-two dollars the aggregate sum for which the sheriff was authorized to sell; and that, therefore, the sale was illegal and void.
The first objection is unavailing — -1st. Because, the colorable contract of purchase by the appellant being fraudulent and voidable by the judgment creditors of Thomas, the possession by the appellant was not adverse to Thomas, but in trust for him, though ostensibly otherwise; and, 2d. Because there was not even ostensible possession by the appellant until after the levy of the executions; and the appellee’s purchase relates back to that - time.
This objection involves a question of fact and a question of law — that is, 1st. Was there the alleged excess? 2d. What is its legal effect under the circumstances of this case ?
*281 1. The quantity of land supposed to be sold was two hundred and forty-two acres; but the quantity actually sold and conveyed was only two hundred and thirty-five acres. The deficit of seven acres is estimated at one hundred and five dollars, exceeds the amount of the assumed excess in the sale, and, consequently, it is quite probable that no more land was sold than the executions authorized. But there is certainly no conclusive or sufficient proof that the sheriff exceeded his legal authority.
2. However that may be, neither the appellant nor Thomas can now equitably avoid the sale for its alleged illegality, as the executions only authorized the sheriff to sell as much land as necessary to pay the amount collectable under them; a sale of more would have been unauthorized and illegal, and, therefore, might have been treated as void, and this court has often so adjudged. But this court never decided that such a sale is void in such a sense as not to bind the purchaser at the owner’s option, or not to be confirmable by the owner; and any such decision would be unreasonable and inconsistent with some of the cases adjudged by this court, and cited by the appellant’s own counsel.
The spirit and rationale of the established doctrine do not make such sale, in all events, necessarily void, but in effect only voidable at the owner’s option. He might, therefore, waive an avoidance, or by his conduct become estopped from successfully urging it, as hitherto decided by this court. In this case more than a year elapsed from the date of the sale to that of the conveyance to the ap p'ellee, and in the meantime the sale seemed acquiesced in by all parties; and, therefore, there being no offer to redeem, the appellee paid the money bid, and accepted the sheriff’s deed as an assurance of an unquestionable *282 legal title, apparently acquiesced in by the appellant; and, even in the long and elaborate preparation of this case, Thomas never became a party, nor did either he or the appellant object to the sale on account of the assumed fractional excess in the amount of its product. Nor, although the appellee in his petition set out a complete chain of his title, including the executions and returns thereon, did the appellant either demur or controvert the legality of the sale on the ground of excess; and the pleadings, of course, moulded the issue and the adaptable character of the evidence; and all this also implied an admission that too much land was not actually sold; and do not all of these facts look like both a waiver and an equitable estoppel? It seems to us that the specific objection made in this court, for the first time, is inopportune, and should be unavailing in this suit, translated into equity by- the appellant himself, and especially unavailing to such a claimant of a spurious equitable right against a prior legal title, procured apparently by fair means, untainted by fraud or dishonor.
The fact that the price paid by the appellee was not fully commensurable cannot, per se, invalidate his title. Nor can either Thomas or the appellant complain of the inadequacy resulting chiefly from their own misconduct, in proclaiming that the title was not in Thomas, but bona ficle and conclusively in the appellant as his vendee; and this self-inflicted loss may be compensatory to the public by this justly punitory' example and its conservative tendency.
Judgment affirmed.