CASE 105—PETITION ORDINARY—February 12.

# Meehan, &c., v. Edwards, &c.

### APPEAL FROM LOGAN CIRCUIT COURT.

1. VENUE OF ACTION FOR INJURY TO LAND.—An action for injury to real property must be brought in the county in which the property is situated.

2. POSSESSION NOT NECESSARY TO MAINTAIN ACTION FOR INJURY TO LAND.—An action for injury to land by cutting and removing timber may be maintained by the owner, although not in the actual possession of the land when the injury was committed. The common law rule which requires that in trespass for breaking the close the plaintiff must allege possession does not apply where the action is for an injury to the land and not merely for a wrongful entry. And this was true even prior to the Act of March 13, 1888, which provides that the owner of land may maintain an action for trespass although not in the actual possession of the land when the trespass was committed.

3. MEASURE OF DAMAGES FOR CUTTING OF TIMBER.—Where the injury to land which is complained of is the cutting and removal of timber, the value of the timber as it stood upon the land is a just criterion of recovery.

4. WAIVER OF OBJECTION TO JURISDICTION.—Where only one of several defendants in an action is served in the county in which the action is brought, an order dismissing the action as to him by consent, with leave to the other defendants to file an answer, is to be regarded as a waiver by them of their right to object to the jurisdiction upon the ground that the action is transitory and has been dismissed as to the only defendant served in the county.

5. WHERE MORE LAND IS SOLD UNDER EXECUTION THAN IS NECESSARY TO PAY THE DEBT, long acquiescence of the execution defendant will be treated as a confirmation by him of the sale and thus make perfect the title of the execution purchaser, especially as against a mere trespasser.

In this case the execution defendant having acquiesced for more than twenty years in a sale of more land than was necessary to pay the debt, the title of the execution purchaser is sufficient to enable him to maintain trespass.

6. A JUDGMENT FOR AN ADDITIONAL AMOUNT RENDERED SUBSEQUENT TO THE TERM AT WHICH FINAL JUDGMENT WAS RENDERED was not void, it being evident that it was intended to correct a clerical misprision, and the record reciting that the defendant appeared by attorney.

7. EXECUTION SALES—MISTAKE AS TO NUMBER OF ACRES IN TRACT OF

Meehan, &c., v. Edwards, &c.

LAND SOLD.—The fact that a tract of land was levied on and sold as containing one hundred and three acres, when it in fact contained one hundred and thirty-three acres, as was afterward ascertained by actual survey, did not render the sale void.

MATT. O'DOHERTY FOR APPELLANTS.

1. Under the law as it existed when the trespasses complained of in this case were committed actual possession was necessary to maintain trespass. (Civil Code, sec. 62, sub-sec. 4; Neeley, &c., v. Butler, 10 B. M., 51–2; Dugan v. Ferguson, 80 Ky., 342.)

2. By dismissing the action as to Ryan, who resided and was summoned in Logan county, appellees lost any right they might have had to continue the action further in the Logan Circuit Court. (Basye v. Brown, 78 Ky., 555; Barbour v. Newkirk, 83 Ky., 532.)

3. The sheriff's deed, under which appellees claim, is void.

A party relying upon an execution sale must produce a valid judgment. (Dunn v. Meriwether, 1 Mar., 158; Terry v. Blight, 3 Mon., 272; Riggs v. Dooley, 7 B. M., 288.)

The judgments upon which the executions under which appellees purchased were issued were void because final judgments had been entered at a former term and the court had no power to enter new judgments even for the purpose of correcting a clerical misprision. Its only power was to modify upon reasonable notice the judgments already rendered. (Civil Code, secs. 579, 580, 692.)

The fact that more land was sold than was necessary to satisfy the executions rendered the sale void. (Rev. Stats, chap. 36, art. 13, sec. 2, sub-sec. 1; Isaacs v. Gerhart, 12 B. M., 231; Pepper v. Commonwealth, 6 Mon., 30; Dawson v. Litsey, 10 Bush, 410; Gathwright v. Hazzard, 17 B. M., 561.)

The execution of the paper purporting to be a surrender by the execution defendant of the land sold was not proved. The fact that it was attached to the execution did not dispense with the requisite proof of its execution and delivery. When the sheriff reports an act he was not authorized to do by the execution or an act done by another his return can not be considered as proof of the fact. (Dupuy v. Johnson, 1 Bibb, 567; Payne v. Cowan, 1 J. J. M., 13; Bruce v. Dyall, 5 Mon., 125.)

But even if the assent of the execution defendant to the sale were shown it would not give validity to the sale. (Isaacs v. Gerhart, 12 B. M., 231.)

The sale of one hundred and three acres of land out of a tract of one hundred and thirty-three acres was void for uncertainty. (Marmaduke v. Tennants, &c., 4 B. M., 210; Rev. Stats., chap. 36, art. 13, sec. 5; Withers v. Payne, 12 B. M., 345; Caskey v. Williams, 10 Ky. Law Rep., 877; Gooch v. Benge, 12 Ky. Law Rep., 368.)

4. George T. Edwards, in his individual right, is the only one who could maintain this action, and he is not in his individual right a party.
5. The infant plaintiffs, children of Bettie C. Duncan, have equal right with George B. and James C. Edwards in the one hundred and thirty-three acres of land in the petition described, if it was, as alleged, owned by Hester Edwards at her death, and George B. and James C. Edwards have no exclusive right to the judgment herein.
6. It was error to make appellants answerable for the saw-log timber which Ryan cut and carried away.

WILBUR F. BROWDER, H. G. PETRIE, EDWARD W. HINES FOR APPELLEES.

1. For an injury to the land itself affecting the reversion, and not merely the possession, one may maintain an action although he is not in possession. (Walden v. Conn, 84 Ky., 312; Pomeroy's Remedies, sec. 232, pp. 280-281.)
   Besides, where no one is in the *actual* possession of the land the title carries with it the possession and the owner may maintain trespass without allegation or proof of special damage. (Gillespie v. Dew (Ala.), 18 Am. Dec., 42; McColman v. Wilkes, 51 Am. Dec., 637; Van Rennselaer v. Radcliff, 25 Am. Dec., 589; Cannon v. Hatcher, 26 Am. Dec., 178.)
2. The consent order entered after the dismissal as to Ryan had the effect to enter the appearance of defendants, and they could not thereafter object to the jurisdiction.
3. The *written* surrender of the land by the execution defendant gave validity to the sale. (Isaacs v. Gerhart, 12 B. M., 231.)
   Even in cases where there is no surrender at all by the execution defendant such a sale, if acquiesced in, will be valid. (Shropshire v. Pullen, 8 Bush, 513; Daniel v. McHenry, 4 Bush, 281.)

JUDGE PRYOR DELIVERED THE OPINION OF THE COURT.

This action was instituted in the Logan Circuit Court by George T. Edwards, as the executor of the will of Hester Edwards and as trustee for his children, against the appellants, for an unlawful entry upon a tract of land held by him as trustee under the will of Hester Edwards, and for an injury to the realty by cutting and removing from the land large quantities of timber, the value of which has been recovered by the verdict and judgment below.

The land lies in the county of Logan, and the action,

as originally instituted, was also against Charles H. Ryan, who had been served with process in that county, and his co-defendants, who are the sole appellants in this court, had been served in the county of Jefferson. The record shows that by the consent of parties the action was dismissed as to Ryan, and as he was the only defendant served in the county it is now urged the Circuit Court of Logan had no jurisdiction of the persons of the defendants served in the county of Jefferson. While it may be inferred that the order dismissing the case by consent as to Ryan with leave to defendants to file an answer was a waiver as to the jurisdiction, we see no reason why the action was not local in its character because the recovery was sought for an injury to the realty by cutting and removing from it valuable timber.

Sub-section 4, of section 62, Civil Code, requires that an action *for an injury to real property shall be brought in the county in which the property is situated,* and the removal of the timber standing upon the land is the injury complained of. It is insisted by counsel for the appellant that to maintain trespass for an unlawful entry the plaintiff should have alleged an actual possession of the land upon which the entry was made, and while this doctrine has been changed by statute it is a familiar rule of the common law that in trespass for breaking the close the plaintiff must allege possession. Suppose, however, the plaintiff is not in the actual possession, but the injury to the realty is such as to greatly lessen its value by cutting and removing the timber or buildings, can it be said that the *trustee* for those entitled to the immediate possession or those entitled in remainder has no remedy against the wrongdoer?

This land was in a wild state and more valuable for its timber than the actual soil upon which the timber stood. The appellants claim a right of entry under a contract with George Edwards, who held the title in trust for his children, and also the right to cut and remove the timber under the same contract. Now those invested with the legal title have the right to sue and recover for an injury to this realty by reason of the removal from the land of anything forming a part of it that lessens its value without the license or consent of the owner. It is argued, the cutting and removing of timber is not such an injury to the realty as makes the action local, and the recovery seems to have been confined by the instructions to the value of the timber cut and removed.

We do not understand it to be necessary to show a forcible or wrongful entry on the land disturbing the possession before a recovery can be had. The Code makes the action local for an *injury to real property*, and it is not necessary to make such averments as were required at common law for breaking the close to create a cause of action. If a wrongful or tortious entry is alleged and a failure to establish it, still if the realty has been damaged by a wrongful removal of the timber, it gives a cause of action to the owner. The rightful owner may make the tenant liable in such a case although the entry was lawful, and why not make a trespasser liable who injures the realty by cutting and removing the timber from it for his own use.

It is not the possession that has been molested by the intruder but the timber that has been detroyed, injuring the value of the realty, and of this the rightful owner complains. It is alleged that the defendants committed

divers trespasses upon said land *and great damage thereto* by cutting down, hauling away and appropriating to their own use valuable timber, describing it, of the value of three thousand dollars.    That they also injured the property by the destruction of the small timber, etc.

It may be urged the court below erred in instructing the jury to find the value of the timber and not the diminished value of the land by the removal of the timber. There were no exceptions to the instructions, and, besides, we are not disposed to adjudge that the value of the timber, as it stood upon the land, was not a just criterion of recovery.

In the case of Walden v. Conn, 84 Ky., 312, it was held that for the injury to the possession the remedy was with the tenant and not the real owner, but when the injury was such as to affect the reversion the owner can sue; nor is there any reason for requiring an actual possession by the real owner to recover for a permanent injury to the land such as a destruction of the timber or buildings on the premises.    No damages were recovered for the wrongful entry, the recovery being confined alone to the value of the timber.

It is further contended the appellees have no title to the land in controversy and also insisted that the appellants purchased the timber and had the right to remove it. The controversy originates from this alleged contract. It appears that the appellee, George T. Edwards, owned in his own right a tract of two hundred and twenty-five acres of land in the county of Logan, and by a contract with the appellants sold them all the timber upon it, with the right to enter and remove it.    The metes and bounds of the land were set forth in the writing and the tract

described as supposed to contain from two to three hundred acres. Another tract of land, adjoining this tract owned by Edwards in his individual right, was held and owned by him as trustee for his children under the will of Hester Edwards, by which the trust was created with the right of the trustee to hold for life or to make such disposition of it for the benefit of his children during life as he saw proper. It is this tract of land from which the timber was taken and for which injury the action was brought. The children of Edwards are made parties plaintiffs, except those who had parted with the title to the other beneficiaries.

Some question is made as to the right of Edwards to sue as trustee as he had a life estate. He was invested with the legal title by the will of Hester Edwards and could maintain the action without uniting the beneficiaries, and if he saw proper to surrender his interest by suing in his fiducial capacity it is his loss and not that of the appellant. The recovery here is a bar to another action for the same wrong.

Edwards had never been actually upon the land and knew nothing of its condition except from the information of others. When the contract was made with the appellants he exhibited his title as well as boundary, and with the boundary in their possession the appellants went upon the land, not only on the tract of land upon which they had the right to enter but on the land held by Edwards as trustee. The appellants say, and establish the fact by their testimony, that one Baugh, being the agent of Edwards, and living near the land, was directed in writing by Edwards to show the appellants the land and its boundary about which they had con-

tracted. That they delivered the letter of Edwards to Baugh and he showed them the boundary that embraced both tracts as the boundary of the particular tract about which the contract was made, and being misled in this way, and regarding the land as embraced by the agreement, entered and cut the timber. Baugh, who is a disinterested party, says that no letter was delivered to him from Edwards or any writing evidencing the contract; that he proposed to give them his knowledge on the subject, but they said all they wanted to know was where the Edwards' land was located; that he knew both tracts. The boundaries of each were plainly marked as well as the division line. Edwards says that Baugh was not his agent or authorized to act for him. This was all, however, a question of fact, and the jury, believing Baugh, must necessarily have determined that the appellants had no right to cut and remove the timber on the *trust* land. The appellants went upon each tract under the claim or title of Edwards, and their principal defense is, that they were induced by Edwards and his agent, Baugh, to believe they had the right to cut timber on both tracts. This fact is contradicted by both Edwards and Baugh, and, in fact, the latter swears he told the appellants there were dividing lines on this land and wanted to know how much was purchased by them. The evidence being conflicting we have no right to disturb it on that ground, nor can we say that there was a preponderance of testimony in favor of the appellants as to their right of entry.

The title of the appellee is questioned for this reason: This land, including both tracts, had once belonged to Alfred Smith and was levied on and sold under an execu-

tion, by the sheriff of Logan county, to Hester Edwards, from whom these appellees derive title. The title is exhibited by the appellee down to the judgment under which Hester Edwards became the owner. The sale under the execution was made twenty-two years before this action was instituted, and the claim now is that more land was sold than was necessary to satisfy the debt.

There is annexed to the sheriff's return a direction in writing by Smith, the owner, dated 1865, authorizing the sheriff to sell the whole tract and pay to him, Smith, the residue, if any, after satisfying the execution. The sale was made and a deed executed to the purchaser, and this sale acquiesced in for more than twenty years. While it has been repeatedly held that the purchaser can treat the sale as void when more land is sold than necessary to pay the debt, it may, nevertheless, be confirmed by the execution debtor. His acquiescence may amount to a confirmation where a less time expires than twenty years from the date of the sale, and under the circumstances of this case, with no motion ever having been made to quash the sale, it was proper, we think, to permit the whole return of the sheriff to go to the jury although the signature of Smith to the order directing the sale was not proven. (Daniel v. McHenry, 4 Bush, 281.) The long acquiescence in the sale was sufficient to make it valid.

The judgment upon which execution issued, and entered as an original judgment, was evidently made to correct a clerical misprision, and if not it appears that the defendant entered his appearance, the record so reciting. We see nothing in this record authorizing a reversal. The testimony sustains the verdict below, and no incompetent testimony was permitted to go to the

jury in any manner prejudicial to the defense. Nor does the fact that the land sold contains by actual survey one hundred and thirty-three acres invalidate the sale. The entire tract was sold, and now, after the lapse of twenty years, it is too late to raise these questions, and particularly by one who is a mere trespasser without title.

Judgment affirmed.