## Lexington & Eastern Railway Company v. Breathitt County Board of Education.

(Decided June 22, 1917.)

### Appeal from Breathitt Circuit Court.

1. **Railroads—Right-of-Way over School Property.**—Where a school board owns a lot and a school house and uses and occupies the same for school purposes through a long period of years, but does not have its title papers recorded, the railway company's agent acquiring the right-of-way and seeing the school property and the school in possession thereof, occupying and using the same for school purposes, is bound to take notice of the claim and ownership of the school board and may not, by an examination of the public records, relieve itself of the duty to ascertain the nature and extent of the claim of the school board nor can it enter upon the school property by constructing its right-of-way and avoid responsibility by assertion of claim under the original vendor of the school district whose title is of record.

2. **Railroads—Right of Way—Injury to Property.**—A railroad company which undertakes to construct a line of road across a lot of land over which it has acquired no right-of-way, can not avoid liability for resulting injury to the property owner by allegation and proof that the work was done by an independent contractor.

3. **Master and Servant—Work of Independent Contractor.**—Where the act which causes the injury is one which the contractor was employed to do and the injury results, not from the manner of doing the work but from the doing of it at all, the employer is liable for the acts of his independent contractor.

4. **Railroads—Independent Contractor—Trespassers.** — A railroad company can not do by an independent contractor what it may not do itself, and where it obtains no right-of-way from school property, but directs its independent contractor to enter thereon, and construct its road bed and injury results to the property,

the railroad company as well as the independent contractor is liable, each being a trespasser.

BENJAMIN D. WARFIELD, CHARLES H. MOORMAN, O. H. POLLARD and SAMUEL M. WILSON for appellant.

KASH C. WILLIAMS and W. L. KASH for appellee.

OPINION OF THE COURT BY JUDGE SAMPSON—Affirming.

In May, 1914, the Breathitt County Board of Education instituted this action against the Lexington & Eastern Railway Company, alleging that the board of education was the owner of a certain lot, or parcel of land, and school building situated at the mouth of Strong Branch, on the north fork of the Kentucky river, in Breathitt county, Kentucky, and that the railroad company, in building and constructing its line of road up the north fork of said river, entered upon, over and across the said school lot, making an excavation and deep cut, and occupied the same with its roadbed, and in the building and constructing of the road, by blasting and other means, cast stone and earth upon and against the house, practically demolishing the school building situated on the lot, which was at that time used and occupied for school purposes, and pray judgment for damages in the sum of six hundred dollars against the railroad company for these injuries to the property.

The defendant company, after filing its special demurrer to the petition and also a general demurrer, both of which were overruled, filed its answer, in which it denied the plaintiff's ownership of the school property described in the petition, and denied injury to the property, and denied it took, or occupied any of the school lot for its right-of-way. In fact, denied each and all of the allegations in the petition as amended. Later on an amended answer, cross-petition and counter-claim was filed, in which it was affirmatively alleged by the railroad company that it was the owner of a certain strip or parcel of land eighty feet wide, occupied by it as a right-of-way, and this strip of land is a part of the lands described in the petition as the school lot, and to the extent of such conflict the railroad company claimed to be the owner in fee of the school lot. The railroad company alleged it acquired title to the eighty-foot right-of-way by grant from the heirs of John Davidson, the same person under whom the school board claims. Further answering

the defendant set up and alleged that the construction work complained of in the petition was done by an independent contractor, Mason & Hanger Company, a corporation, and that the railroad company had no control over the "men and manner of doing the construction work, nor over any of the employes of the Mason and Hanger Company, nor any of their hands, or foreman, or laborers, or machinery, or appliances, or tools engaged in said work, save such general supervision of its engineers as was necessary to enable it to see that the work was done according to the specifications of the contract with the said Mason-Hanger Company," and so pleading relied upon this as a defense to plaintiff's cause of action.

The issue being made up, the case came on for trial before a jury, and the plaintiff, board of education, introduced a number of witnesses to prove that more than twenty years before the construction of the railroad and the consequent injury to the school property, one John Davidson, the then owner of the land, conveyed a small tract, approximately one-half acre, by title bond to the school district as a lot upon which to build, erect and maintain a school house and school, and that immediately upon such conveyance the school district took charge of the ground and erected a school house about twenty by forty feet in size, and occupied it for school purposes continuously, year by year, from such time down to the construction of the railroad, and were at such time then occupying the school house and lot for school purposes, and the school was at the time in session; that in 1910, or 1911, the railroad company, through its agents and employes, came upon the school lot, erected engines and machinery and began to excavate, grade and otherwise contruct a railroad, and in doing so necessarily employed explosives and other blasting material by which great quantities of rock, slate and other debris were cast upon and against the school house and other property, thereby injuring and destroying the same; that the teacher and students then occupying the building were compelled to and did vacate the house and discontinue school for the remainder of that year on account of lack of a building or a place to teach; and, further, that the persons carrying on the construction work for the railroad company, took charge of the school building and occupied it for the storage of tools and other supplies necessary in the construction work. The evidence shows that the school building

was a boxed house made of yellow poplar lumber, weatherboarded on the outside, and partly painted, with a new board roof, and ceiled overhead inside. The school furniture was meager and rather antique, according to the evidence, but of some value. Some of the witnesses placed the value of the house as much as six or seven hundred dollars, and others not nearly so much. The lot was valued from twenty-five to one hundred dollars. No witness, however, could exactly locate the outside boundaries of the school lot, though it was generally understood and conceded by all interested parties to be one-half acre or an acre of ground, located around the school house with certain trees as monuments of boundary. There is no serious contention that the property, whether situated as claimed by the plaintiff or at some other angle, did not belong to the school authorities.

For the railroad company it was shown in evidence that the lines of the school lot were uncertain and indefinite and that the school house and furniture were old and of very little value. It was admitted, however, that the house and lot of some size and shape and of uncertain location belonged to the school district. But it was shown that Mr. Pollard, who represented the railroad company in buying the right-of-way, found no title paper of record showing the district to be the owner of the school lot, and that he took from the Davidson heirs (the common source of title) a deed for the right-of-way along and adjacent to the school building, and that he did not know the size or shape of the school lot claimed by the district. He, however, in buying the right-of-way, passed the school house while the school was in session; saw and observed the building, talked with the teacher, but made no inquiry with reference to the school property, though seeing it occupied. It was also shown that the Mason-Hanger Company, Incorporated, were the independent contractors who constructed the railroad for the appellant.

The jury, under instructions from the court, returned a verdict for the board of education, fixing the damage at two hundred, fifty dollars, thereupon, judgment was entered in favor of the appellees for the sum mentioned, and the railroad company prosecutes this appeal.

The railroad company insist that the judgment should be reversed.

First: Because the trial court failed to sustain its motion for peremptory instructions made, both at the

conclusion of the evidence for the plaintiff and at the conclusion of all the evidence.

Second: Because the injuries to the property were caused entirely by the unauthorized or negligent acts of the Mason-Hanger Company, an independent contractor, and the railroad company was therefore not liable; and,

Third: The verdict is grossly and glaringly excessive and flagrantly against the weight of the evidence.

The evidence introduced by the plaintiff sufficiently sustains the allegations of the petition, that the board of education was the owner of and in possession of the school lot and house and that the railroad company, in the construction of its road, injured the house and rendered the lot unfit for school purposes. Indeed, the railroad company itself tacitly admits that the board of education and its predecessors were the owners and in possession of a lot and school building at the point mentioned in the petition, and that the same was damaged by the construction of the railroad. It cannot be denied that the railroad company, through its agents, had actual knowledge of the possession and claim of the school authorities to a parcel of land and school house, though it did not take the pains to inquire into its size and shape. If it be admitted that the railroad company is liable for the injury done to this property, then the verdict for two hundred, fifty dollars cannot be said to be grossly or glaringly excessive, or flagrantly, or at all, against the weight of the evidence. It only remains to determine whether the injury is chargeable to the Mason-Hanger Company, or to the railroad company, which employed it to do the construction work. The railroad company does not claim that it secured the right to enter upon this property from the school authorities; it claims its right under the Davidson heirs, the common source of title, and having entered upon the property, or by casting stone, slate and other debris upon the property of the school, without first having obtained a right to do so, it became a trespasser and was responsible for the resulting injury. If the railroad company employed the Mason-Hanger Company to construct its road along or over the lot of appellees, without first having acquired title or right to do so, and entered upon the lot and property in controversy, and the Mason-Hanger Company, in good faith, undertook the construction work, and in the course of its employment injured this school property, including the house, grounds and furniture, the railroad

company was in fact a trespasser, having no right upon this lot, and its agents were likewise trespassers and the injury is chargeable to the railroad company, and it may not escape responsibility by attributing the wrong to its agent.

"Where the act which causes the injury is one which the contractor was employed to do and the injury results, not from the manner of doing the work, but from the doing of it at all, the employer is liable for the acts of his independent contractor." 26 Cyc. 557.

In the case of Welsh v. Cooper, 8th Penn. State Reports, it is said:

"All persons who order or procure a trespass to be committed, and indemnify others for doing it, or incite them to do it, may be sued as principals."

To like effect is the case of C. K. & W. Railway Co. v. Watkins, 43 Kansas 56:

"It is claimed by the railway company that it is not responsible for the trespass, it having shown that the grade, the cutting down of trees, etc., was done by contractors having charge of the construction of its road. It appears, however, from the evidence and the admissions of the railway company upon the trial, that the contractors were set to work by the agents of the company to clear the right-of-way and construct its road-bed; therefore, it is liable, as it caused and directed the work. Whether the ax be used by himself, by his employe, his vendee, or one occupying no contract relation to him, is immaterial for he cuts the trees who causes them to be cut. . . . . It is an elementary rule that he who procures a trespass to be committed is liable with those who committed it; and it has been often recognized in our cases. There is no hardship involved in the application of the rule to this case for in good conscience the corporation should bear the consequences of an act which it caused or procured to be done. The contractors and the laborers who cleared off the right-of-way, cut down the trees and constructed the grade, had no interest in the matter beyond the pay for their work, and they did what the railroad company directed."

In the case of Crenshaw v. Ollman, 113 Missouri 641, it is said:

"It makes no difference whether the person committing the injury, or having it done, is an independent contractor or not, provided the injury was committed

by defendant's direction, or by and with his knowledge and consent, and for his use and benefit."

In the case of Palmer v. City of Lincoln, reported in 5 Nebraska 136, it is said:

"Where the obstruction or defect which occasioned the injury results directly from the acts which the contractor agrees and is authorized to do, the person who employes the contractor and authorizes him to do the work is equally liable to the injured party." In an Illinois case, Mamer v. Lussen, reported in 65 Illinois 484, it was held:

"That if the trespass was committed by the direct execution of plans devised and employed by the defendant either by his previous command or subsequent ratification, he would be liable for the same."

The point here in controversy was decided by the Supreme Court of Missouri in the case of Ullman v. Hannibal and St. Joseph Railway Company, reported in 67 Missouri 118.

"A railroad company, by whose direction a contractor for the construction of its road enters and builds the road upon land which it has acquired, subject to an existing lease, is liable, as a joint tort-feasor with the contractor and his servants, for damages done by them, in the prosecution of the work, to the crops of the lessee."

In Ullman v. Fischer, 50th Missouri 198, it is said:

"Where a contractor, under orders from his employer, attempted to erect a building having a width of sixty-five feet where the building space was but sixty-four feet six inches, and in so doing, encroached upon his neighbor's wall, the employer was a co-trespasser, and as responsible as though he himself had made the excavation."

In the case of Pine Mountain Railway Company v. Finley, 117 S. W. 413, this court said:

"If the thing contracted to be done is an unlawful act, the law will not excuse the employer on the ground that it is done by an independent contractor; and where the character of the business undertaken is of such a hazardous nature that the very undertaking itself will necessarily work an injury to or impose a hardship upon third persons . . . . he can not escape liability on the ground that the work is done by an independent contractor. The law imposes upon every one the duty

to so use his property as not to injure that of others, and what a man may not do in person he may not contract with another to do."

In this case the railroad company had no right to enter upon the school premises, and to employ an independent contractor did not enlarge its rights. The act of the independent contractor in excavating upon the premises was the act of the railway company, because the two were joint trespassers. The school board elected to bring this action against the railroad only as it had a right to do. It might have joined the independent contractor also, because the independent contract and the railway company were joint trespassers and responsible to the school board for any injury suffered.

No serious complaint is made of the instructions, except that the railroad company insists that a peremptory instruction in its favor should have been given by the court. The whole record considered, we perceive no prejudicial error, and judgment is, therefore, affirmed.

Whole court concurring.