## The Cable Company v. Greenfield.

(Decided October 31, 1922.)

### Appeal from Johnson Circuit Court.

1. **Trover and Conversion—Acts Constituting Conversion and Liability Therefor.**—An action by the owner of personal property against a mortgagee thereof alleging that the property was placed in the possession of the mortgagee under an express agreement to repair the same free of charge to the plaintiff and return to him, although it prays for a judgment against the mortgagee for the amounts alleged to have been paid on the property and for damages for its wrongful detention, is an action in trover for conversion.

2. **Mortgages—Foreclosure.**—Although there are certain provisions in the mortgage authorizing the mortgagee upon default in payments to repossess itself of the property, and although there are

provisions whereby if the mortgagee felt itself unsafe or insecure it might declare the whole unpaid purchase price due, the instrument was only a mortgage and must be foreclosed in the regular way.

3. Trover and Conversion—Action to Recover Amount Paid on Mortgaged Property.—Where a mortgagee by artifice or trickery obtains possession of the mortgaged property ostensibly for one purpose and thereafter asserts the right to retain such possession for another reason, and the mortgaged property is removed from the jurisdiction of the court, an action by the mortgagor against the the mortgagee seeking to recover the amounts alleged to have been paid on the mortgaged property and damages for its detention, is an action for conversion.

4. Trover and Conversion—Measure of Damages.—Without regard to the original price of the mortgaged property or the amount of the payments thereon, the measure of recovery because of the alleged wrongful conversion is the value of the thing converted at the time of its conversion with interest, in the discretion of the jury, upon the amount found, less the amount of the lien held thereon by the defendant with interest according to the terms of the contract.

5. Trover and Conversion—Recovery.—In such an action for conversion there can be no recovery by the plaintiff for the value of the use thereof while it was so wrongfully detained, but he may or not, in the discretion of the jury, recover interest on the amount found.

6. Evidence.—Evidence examined and action of the lower court sustained upon the issue as to the title of the attached property.

HOWES & HOWES for appellant.

JOHN W. WHEELER for appellee.

OPINION OF THE COURT BY TURNER, COMMISSIONER— Reversing.

Appellee, on March 30, 1916, bought from appellant, Cable Company, a player-piano and on that day executed to it his note for four hundred dollars, the balance of the purchase price, payable in installments of fifteen dollars each month until the full amount was paid, with interest at the rate of six per cent. per annum from date.   At the same time appellee executed to appellant a mortgage on the piano in question to secure the unpaid purchase price.

Appellee made some payments on this note, the number and amounts of which are in controversy; and in the spring of 1918 the instrument being out of repair it was agreed between the parties that the same should be shipped to the factory of appellant at Chicago and there re-

paired by it without cost to appellee and then returned to him.

The instrument was shipped on the 9th day of May, 1918, and received shortly thereafter by appellant at its factory in Chicago and the repairs were duly made upon it but were not completed until about the 11th of September, 1918. On that day appellant wrote appellee that the instrument had been put in first class repair and was ready for shipment and that upon his payment to it of $374.75, the balance due, including interest as estimated by it, shipment of the piano would be promptly made, and on the 3rd of October, 1918, wrote to one of appellee's counsel that they could not ship the piano until appellee paid the amounts past due thereon, and, so far as the record discloses, appellant is still in possession of the instrument at Chicago.

In December, 1918, appellee instituted this action against appellant, Cable Company, seeking a judgment against it for the amounts alleged to have been paid by him on the piano and damages for its wrongful detention.

While the petition prays for a judgment for the amount of the alleged payments on the instrument, this is essentially an action in trover for conversion by the defendant; for it is alleged in the petition that the shipment of the instrument on the 9th of May, 1918, to appellant was because of an express agreement by it to repair the same free of charge to appellee and return to him.

These allegations of the petition seem to be amply sustained by the letters in evidence, and it is, therefore, apparent that the possession of the piano was obtained by appellant in 1918 by reason of its agreement to repair same without cost to appellee and to return same to him. In other words, appellant obtained possession of the mortgaged property ostensibly for one purpose and then retained it under a claim of right to do so according to the provisions of its mortgage.

Appellee was in the rightful possession of the instrument, and although there were certain provisions in the mortgage authorizing appellant upon default in the payments to repossess itself of the instrument, and although there were certain provisions whereby if it felt itself unsafe or insecure it might declare the whole unpaid purchase price due, still the instrument, under our law, was only a mortgage, and, under repeated decisions of

this court, that mortgage must be foreclosed in the regular way.

Therefore, when appellant, as appears, by artifice or trickery obtained possession of the mortgaged property for one purpose, and asserted the right to retain such possession for another purpose, there was a conversion by it of appellee's property, and the action must be treated as one for conversion, particularly as the mortgaged property is outside the jurisdiction of the court.

The court, in its instructions, fixed the measure of damages as any amount paid on the purchase price of the piano by the plaintiff not exceeding three hundred and thirty dollars, claimed to have been paid by him, and such damages for the wrongful detention as they might find from the evidence plaintiff sustained, not exceeding two hundred dollars in all on the latter item.

Manifestly, this measure of damages was wholly wrong. It is perfectly immaterial what the original price of the piano was or the amount of the payments the plaintiff had made thereon. The sole measure of his recovery because of the alleged wrongful conversion must be the value of the thing converted at the time of its conversion, with interest in the discretion of the jury upon the amount found, less the amount of any lien held thereon by the defendant who converted same, with interest according to the terms of the note.

As before stated, this is an action in trover for the wrongful conversion of plaintiff's property and the court erred in authorizing any recovery by the plaintiff for the value of the use thereof while it was so wrongfully detained. In such actions the measure of recovery is the value of the property at the time of the conversion, and the jury may, or not, in its discretion, allow interest from the time of the conversion. Winstead v. Hicks, 135 Ky. 161; 7 T. B. Monroe, 209 (18 Am. Dec., 167).

It is true, in actions of detinue wherein a recovery is sought of specific articles of personal property wrongfully withheld from the plaintiff, there may be a recovery for such wrongful detention, but in an action for conversion the sole measure of recovery is, as above stated, together with the discretion in the jury to allow or not to allow interest on the recovery from the time of the conversion.

During the progress of the action appellee filed an amended petition seeking an attachment, and an attach-

ment was issued and levied on another piano as the property of appellant.

The Cable Piano Company filed its petition and answer asserting title to the attached piano and the court, on this branch of the case, heard considerable evidence as to the title to the attached piano and finally adjudged it to be the property of the appellant, Cable Company, and of this alleged error complaint is also made.

It would seem to be unnecessary to go into the evidence on this issue, but it is sufficient to say that there was evidence to justify the court in believing not only that the Cable Company and the Cable Piano Company were, in effect, one and the same, but there was evidence sustaining the view that the Cable Piano Company had suspended or gone out of business, and had assigned or transferred all its assets to the Cable Company and, therefore, the latter company was the owner of the attached piano, which had originally been sold by the Cable Piano Company and repossessed by it under the terms of its sale agreement.

We have, therefore, concluded on this branch of the case not to disturb the finding of the court below. The appeal is granted and because of the errors indicated the judgment is reversed with directions to grant appellant a new trial and for further proceedings consistent herewith.