## Davis et al. v. Kentland Coal & Coke Company.
## Same v. Blackberry, Kentucky & West Virginia Coal & Coke Company.

(Decided Jan. 31, 1933.)

(As Extended on Denial of Rehearing March 21, 1933.)

644

WILLIS STATON for appellants.

MOORE & CHILDERS, J. J. HARMON, and HARMAN, FRAN CIS & HOBSON for appellees.

OPINION OF THE COURT BY JUDGE RICHARDSON—Affirming in part and Reversing in part.

This is the third appeal of this case. The first opinion is in Blackberry, Kentucky & West Virginia Coal & Coke Co. v. Kentland Coal & Coke Co., 212 Ky. 64, 278 S. W. 173; the second, Id., 225 Ky. 346, 8 S. W. (2d) 425.

A lease for coal was executed and delivered by Chloe A. Davis and eleven others who were joint owners of a large tract of land in Pike county, Ky., to the Blackberry, Kentucky & West Virginia Coal & Coke Company. The latter company assigned the lease to the Alma Thacker Fuel Company. It mined coal from the leased premises. The Kentland Coal & Coke Company owned lands adjoining that leased by Chloe A. Davis and others to the Blackberry, Kentucky & West Virginia Coal & Coke Company. It filed an action in equity in the Pike circuit court against the Blackberry, Kentucky & West Virginia Coal & Coke Company, and its lessors, and the Alma Thacker Fuel Company, charging them with having trespassed upon and mined coal from under its land. The defendants filed a joint answer, asserting title to the land described in the petition and the right to mine the coal thereunder. During the progress of the trial, the Kentland Coal & Coke Company disclaimed title to all of the land lying on the head of Peter's Fork of Blackberry creek, and the defendants disclaimed title to all the lands in the John McCoy patent, and all the land under fence. The question of the title to the 80 acres in dispute was submitted and tried with the agreement that the question of damage be deferred. The circuit court decreed that the Kentland Coal & Coke Company was the owner of all the land in dispute on the head of Pounding Mill branch of Tug fork and Brewer's branch of Peter's creek. The defendants appealed to this court. The judgment was

affirmed. Blackberry, Kentucky & West Virginia Coal & Coke Co. v. Kentland Coal & Coke Co., 212 Ky. 64, 278 S. W. 173. On the filing of this court's mandate in the circuit court, Chloe A. Davis and her codefendants filed an amended answer and counterclaim, by which they sought to be relieved of liability to the Kentland Coal & Coke Company for the coal mined under the 80 acres, upon the theory that their lease to the Blackberry, Kentucky & West Virginia Coal & Coke Company did not embrace the 80 acres adjudged to the Kentland Coal & Coke Company, and consequently they were not responsible for the trespass committed by the sublessee who actually committed the trespass on the 80 acres. The Blackberry, Kentucky & West Virginia Coal & Coke Company filed an amended answer and counterclaim, setting up the same allegations, and sought to be relieved of its liability for the coal taken from under the 80 acres in dispute for the same reason. It also pleaded that the Alma Thacker Fuel Company, when mining coal, went beyond the boundary of the lease and trespassed upon the lands of the Kentland Coal & Coke Company. The circuit court decreed against the Blackberry, Kentucky & West Virginia Coal & Coke Company, and adjudged that it was liable for the trespass, and fixed the damage as against it at $12,232.05. It prosecuted an appeal to this court. Blackberry, Kentucky & West Virginia Coal & Coke Co. v. Kentland Coal & Coke Co., 225 Ky. 346, 8 S. W. (2d) 425. In disposing of the defense presented by the amended answer and counterclaim of the Blackberry, Kentucky & West Virginia Coal & Coke Company, we stated:

"After having had its day in court on this question its efforts by the amended answer and counterclaim to have the same issue tried anew and to interpose another defense cannot be entertained. The only questions reserved and not adjudicated upon the first submission hereof were how much coal had been taken and how much appellee Kentland Coal & Coke Company had been damaged thereby; and those questions remained to be determined only in the event Kentland Coal & Coke Company succeeded in having it adjudged that it owned the 80 acres of land in dispute. The first judgment herein, which was affirmed by this court, is conclusive of the issue sought to be raised by appellant, Blackberry, Ky. & W. Va. Coal & Coke

Company, by the amended answer and counter-claim which it filed herein when the mandate of this court affirming the original judgment was filed in the court below." See Blackberry, Ky. & W. Va. Coal & Coke Co. v. Kentland Coal & Coke Co., 225 Ky. 346, 8 S. W. (2d) 425, 426.

On a second trial in the circuit court, an order was entered to the effect that the chancellor was not satis-fied as to the liability of Chloe A. Davis, and the other individual defendants, and again reserved that question for further adjudication. Consequently, no judgment was rendered as against them, nor were they made parties to the second appeal. On a return of the case to the circuit court, it was prepared for trial on the issues as to the liability of Chloe A. Davis and her codefendants, which were reserved by the judgments. It was set forth in the first judgment that the issues as to the quantity of coal removed from the 80 acres, the value thereof, and the character of trespass committed by its removal, were reserved for future adjudication. In the second judgment from which the second appeal was prosecuted, as to Chloe A. Davis and her colessors, the same questions again were reserved, as well as the right of the Blackberry, Kentucky & West Virginia Coal & Coke Company to recover against them on its cross-petition. The case was prepared for trial on the issues as to the liability of Chloe A. Davis and her colessors to the Kentland Coal & Coke Company for the removal of the coal from the 80 acres, by the Alma Thacker Fuel Company as sublessee of the Blackberry, Kentucky & West Virginia Coal & Coke Company. The record presents the identical facts as to the issues made by Chloe A. Davis and her colessors by their amended answer and counterclaim that were presented by the amended answer and counterclaim of the Blackberry, Kentucky & West Virginia Coal & Coke Company. While she and her colessors were not parties to the second appeal, the rule and reason therefor, stated in our opinion on the second appeal, are conclusive of the same issues herein and preclude Chloe A. Davis and her colessors of their right to relief on their amended answer and counterclaim. The relation of principal and agent was, in a sense, by the terms of the lease, created, and, if their lessee or its assignee committed the trespass on the land of the Kentland Coal & Coke Company in the execution of the lease, it must be considered that they

were acting for the lessors in its commission, and therefore the law implies that, in the commission of the trespass, the assignee, by virtue of the lease, was authorized, encouraged, and procured by the lessors to commit it. It is on this theory that the lessor in such case is liable for the trespass committed by the lessee or his assignee, when executing or carrying out the provisions of the lease and accounting to the lessor for his royalty in accordance with its terms. Ky. Harlan Coal Co. v. Harlan Gas Coal Co., 245 Ky. 234, 53 S. W. (2d) 538; Weaver v. Ficke, 174 Ky. 432, 192 S. W. 515; Louisville & E. R. Co. v. Breathitt County Board of Education, 176 Ky. 541, 195 S. W. 1094; Donovan v. Consolidated Coal Co., 187 Ill. 28, 58 N. E. 290, 79 Am. St. Rep. 206; Burch v. King, 14 Ga. App. 153, 80 S. E. 664; Meehan v. Edwards, 92 Ky. 574, 18 S. W. 519, 13 Ky. Law Rep. 803; London v. Bear, 84 N. C. 266.

It is argued that in its original petition the Kentland Coal & Coke Company alleged that the value of the coal removed from its land was $5,000, and in an amended petition it is alleged that the value of the coal removed by the Alma Tracker Fuel Company, and retained by it, was 65 per cent. of the value of all of the coal removed, and that 35 per cent. thereof was the value of that removed by the Alma Tracker Fuel Company, and accounted for by it as royalty to the lessors. It is insisted that these allegations of the original and amended petition deprive the Kentland Coal & Coke Company of a recovery against Chloe A. Davis and colessors of a greater amount than that claimed therein, and that for this reason the pleadings do not support the judgment against them in favor of the Kentland Coal & Coke Company. The reservation in the judgments fixed and determined the issues to be thereafter submitted and tried by the court. This reservation, in its nature, is an agreement between the parties in interest, and clearly sets forth the issues upon which the judgment was rendered against them. It takes the place of the pleadings of the parties raising the issues determined by the judgment. The parties thereto are without right to insist the contrary. The evidence which was heard on the issues reserved by the judgment as to Chloe A. Davis and her colessors and the Kentland Coal & Coke Company is identical with that which was heard by the circuit court and presented for review on the second appeal to this court, bearing on the iden-

tical issues between the Kentland Coal & Coke Company and the Blackberry, Kentucky & West Virginia Coal & Coke Company. It was our conclusion on the second appeal that the evidence was sufficient to authorize the judgment as to the issues between them, and no reason is presented justifying a different conclusion on the same evidence as to the identical issues between Chloe A. Davis and her colessors, and the Kentland Coal & Coke Company.

On a return of the case to the circuit court after the first appeal to this court, the Blackberry, Kentucky & West Virginia Coal & Coke Company filed an amended answer and cross-petition in which it sought a judgment against Chloe A. Davis and her colessors, for whatever amount the Kentland Coal & Coke Company might recover against it. It charged that they warranted the title to the land and covenanted to "defend" the title to the same against any and all persons. In response to the cross-petition, Chloe A. Davis and her codefendants on the cross-petition charged that the land leased by them to the Blackberry, Kentucky & West Virginia Coal & Coke Company was not the land from which the coal had been mined by the Alma Tracker Fuel Company. They further charged that the coal had been mined negligently, and without regard to their rights, and as a result 714,285 tons of coal had been wasted, and that their royalty thereon at the rate of 7 cents per ton amounted to $50,000; that the mines had been so wrongfully operated the lessors were prevented thereby entering and inspecting them; that they had not been furnished railroad weights of the coal mined by the terms of their lease; that the lessee and its assignee, by reason of the breach of the terms of the lease, had forfeited all rights thereunder. It charged that the lessee and the sublessee had mixed the coal from their lands with coal mined from other lands, and refused to furnish them separate railroad weights of the coal mined from their land; that they had sold 25,000 tons of coal to local consumers, and had abandoned large areas of coal unmined; that the lessee and its assignee had kept no books, records, or maps for inspection, except loose sheets, and under such conditions it was impossible to inspect and ascertain the accounts between the parties. They asked for a judgment of $100,000 against the Blackberry, Kentucky & West

Virginia Coal & Coke Company, with a lien on its property, and for a cancellation of the lease.

The covenants in the lease are not disputed. The evidence offered to support the answer and counterclaim to the cross-petition, as to the issues of the title to the disputed land, and as to the question of the Alma Thacker Fuel Company mining coal beyond the 80 acres adjudged to the Kentland Coal & Coke Company, is the same as that offered in support of the same defenses made by the amended answer and counterclaim, of the Blackberry, Kentucky & West Virginia Coal & Coke Company which were disposed of on the second appeal herein.

It is argued that the deeds of the lessors, when considered in connection with the description of the disputed 80 acres as it is set out in the petition of the Kentland Coal & Coke Company, sustain the allegations of the answer and counterclaim to the cross-petition, respecting the title and acreage from which the coal had been mined. The same deeds were presented in this court to sustain this contention, which was determined on the first and second appeals herein adversely to the present insistence of the defendants on the cross-petition. No reason is presented authorizing a different finding as to the same issues between Chloe A. Davis and the Blackberry, Ky. & W. Va. Coal & Coke Company to that determined on the identical evidence on like issues between the Kentland Coal & Coke Company and the Blackberry, Kentucky & West Virginia Coal & Coke Company on the former appeals. Much evidence was taken in behalf of the defendants on the cross-petition to sustain their claim for damage and to support their charge of abandonment of the lease by the lessee and its sublessee, but it fails to show that the negligent or wrongful acts complained of, and the abandonment of the portion of the mines for which damage is sought by the defendants on the cross-petition, did not occur on the 80 acres, adjudged to the Kentland Coal & Coke Company.

The evidence does not show that the acts charged in their answer and counterclaim as the cause of damages were committed on, or off, the 80 acres adjudged to the Kentland Coal Company. For this reason it cannot be determined that the court erred in dismissing their counterclaim.

It is plain that, if the damage resulting from the negligent or wrongful operation of the mines or the wasting of the coal therein, or otherwise caused the items of damage embraced by the counterclaim, occurred on the 80 acres, the lessors are not entitled to recover on account thereof. The damage, if it occurred on the 80 acres, was on the property of the Kentland Coal Company, on account of which the lessors have no cause of action against the lessee and sublessee, or either of them. It is claimed that no map of the mines and no weights of the coal were furnished by the lessee and its sublessee to the lessors. It is not shown that damage resulted therefrom. As against the lessors, the lessee, and the sublessee, the Kentland Coal & Coke Company had a cause of action against them jointly or severally, for damage sustained by removal of the coal from the 80 acres. As between themselves the relation of principal and agent was created by reason of the terms of the lease. It conferred authority on the lessee and its sublessee to mine the coal on the 80 acres. The lessors by the terms of the lease expressly warranted the title to the leased premises. Their warranty protected the lessee and sublessee against a claim of damages of the holder of the superior title for trespass committed by them or either of them on the 80 acres, arising from the acts of the lessee or its sublessee, in carrying out the provisions of the lease, for in a sense they were the agents of the lessors when so doing. Ky. Harlan Coal Co. v. Harlan Gas Coal Company, supra. The court having rendered a judgment against the lessors in favor of the Kentland Coal & Coke Company, and also against the lessee and sublessee, neither of the latter was entitled to a judgment against the lessors, in the absence of both an allegation and proof that it had paid the judgment to the Kentland Coal & Coke Co. Huffman v. National Surety Co., 244 Ky. 714, 51 S. W. (2d) 950, and cases cited.

The Blackberry, Kentucky & West Virginia Coal & Coke Company is entitled to recover of the lessors only the amount or the sum it pays on the judgment of the Kentland Coal & Coke Company, with interest from the date of payment. Until it pays the judgment against itself and the lessors, it is not entitled to a judgment against them, or, if it pays the judgment in part, it is entitled only to a judgment against them for the sum which it pays with interest. Owings v. Owings, 3 J. J.

Marsh. 590; Wilson v. Hite's Ex'r, 154 Ky. 61, 157 S. W. 41; Crozier's Trustees v. Grayson, 4 J. J. Marsh. 514; Huffman v. National Surety Co., supra.

It is argued by Chloe A. Davis and her colessors that the rate of 12 cents per ton with which the circuit court charged them and their lessee and its sublessee for the coal mined by the sublessee under the 80 acres was not authorized by the evidence. This question was presented and determined on the same evidence adversely to the lessee on the second appeal. A careful review, however, of the same evidence does not warrant a different finding as between the parties to this appeal. Chloe A. Davis and her lessors entered a motion for the issuance of an execution on the judgment in behalf of the Kentland Coal & Coke Company against the Blackberry, Kentucky & West Virginia Coal & Coke Company. The court refused to direct an execution to issue. The brief does not point out and we are unable to conceive upon what theory a defendant may ask a court to issue an execution in favor of the plaintiff against a codefendant. This motion was not supported by either an oral or written statement of facts other than that embraced in the motion. The issuance of the execution on the judgment in its favor was a matter of choice with the Kentland Coal & Coke Company, without any authority, right or privilege of Chloe A. Davis and her codefendants in the action in which the judgment was entered to participate. The lessors having admitted they had warranted the title to the 80 acres as between themselves and the Blackberry, Kentucky & West Virginia Coal & Coke Company, they were primarily liable for the amount of the joint judgment of the Kentland Coal & Coke Company against them. For this additional reason they were not entitled to have execution.

After the judgment was entered decreeing the Kentland Coal & Coke Company the owner of the 80 acres, and pending the action in the Court of Appeals, and subsequent thereto, the sublessee, the Alma Thacker Fuel Company, continued to mine coal under the 80 acres. The lessors are contending that for the coal mined during this interim they are not liable to the Kentland Coal & Coke Company. Their lease conferred authority on the sublessee to mine the coal thereunder; it did so in pursuance to the lease, and accounted to them for the royalty accruing for the coal mined during

that period. It cannot be doubted that they are liable therefor to the owner of the 80 acres the same as they were for the coal removed therefrom before the institution of this action.

The court during the pendency of the action directed the proceeds derived from the sale of the coal mined from the 80 acres paid to the master commissioner. The Kentland Coal & Coke Company having been adjudged the owner of the 80 acres, it was entitled to have the court, in his discretion, through the master commissioner, take charge of the proceeds of the coal mined from the disputed land, during the pendency of the action, subject to the orders of the court. There is no showing of an abuse of discretion in so doing. Interest was allowed from June 21, 1922, on the judgment in favor of the Kentland Coal & Coke Company, the date of the adjudication of the title to the 80 acres. The allowing of interest in the circumstances was in the discretion of the court. The general rule is, in an action for trover and conversion, the measure of damage is the value of the property with interest, in the discretion of the court or jury, from the time of the conversion. Sanders v. Vance, 7 T. B. Mon 209, 18 Am. Dec. 167; Winstead v. Hicks, 135 Ky. 154, 121 S. W. 1018, 135 Am. St. Rep. 446.

In their brief, Chloe A. Davis and her colessors have presented many other questions of fact and law, but, in view of the conclusions we have reached, it is unnecessary to incumber this opinion with a detailed consideration of them. For this reason, we refrain from discussing them. The Blackberry, Kentucky & West Virginia Coal & Coke Company on its cross-appeal insists that it is entitled to a judgment against Chloe A. Davis and her colessors for the amount of the judgment against it, in favor of the Kentland Coal & Coke Company. We have indicated that it was incumbent upon it to allege and prove the amount it had paid on the judgment to the Kentland Coal & Coke Company against it and them, before it was entitled to a judgment against them.

This case has been prepared and tried on the theory that the mines and coal within the 80 acres are involved, and none other, therefore as to any claims or rights between the lessors and lessee and the sublessee, if any may have accrued for any reason, or on any ground,

by reason of the operations under the lease on the land embraced in it, outside and other than the 80 acres, this action not being considered as involving such claims or rights, it will not be a bar to any future action, concerning the same.

For reasons set forth herein, the judgment of the Kentland Coal & Coke Company against Chloe A. Davis and her lessors is affirmed. The judgment in behalf of the Blackberry, Kentucky & West Virginia Coal & Coke Company against Chloe A. Davis and her co-defendants is reversed, except the judgment in its behalf against them on their counter-claim, which is affirmed, and for further proceedings consistent with this opinion.

Ratliff, J. not sitting.