## Lane et al. v. Rowland.

Nov. 23, 1943.

J. Gordon Lisanby, R. W. Lisanby, and Marshall P. Eldred for appellants.

Clauscine R. Baker for appellee.

OPINION OF THE COURT BY JUDGE REES—Affirming.

In an action in the Caldwell circuit court, in which Mattie L. Lane and others were plaintiffs and Will Rowland and Minnie Rowland were defendants, a judgment was rendered November 15, 1941, against the defendants for $2,100, with interest from July 9, 1938. An execution was issued November 22, 1941, and on December 4, 1941, the sheriff levied on certain personal property, consisting principally of livestock and farm implements, located on a farm owned by the Rowlands. Before the execution was levied Richard Rowland, son of Will Rowland and Minnie Rowland, delivered to the sheriff an affidavit setting out his ownership of certain items of personal property. The plaintiff in the action executed and delivered to the sheriff a bond indemnifying him against the damage which he might sustain in consequence of the seizure or sale of the property levied on. The property was appraised at $1,327 and was sold by the sheriff on December 19, 1941, for $1,344.25. After the sale Richard Rowland, alleging that he was the owner of certain personal property sold by the sheriff under the execution, brought this suit against the signers of the indemnifying bond to recover $2,027.60, the value of the property sold, and $1,000 damages. Numerous pleadings were filed and a motion made by the defendants to transfer the case to the equity docket was overruled. The case was submitted to a jury which returned a verdict for the plaintiff for $1,000.

According to the testimony of the plaintiff and some of his witnesses, the property sold by the sheriff and claimed by him was worth $1,645. The principal issue in the case was whether this property was owned by plaintiff or by his father, Will Rowland, the execution debtor. There was ample evidence to warrant the submission of the question to the jury and to sustain their verdict. One of the articles levied on and claimed by appellee was a 1937 Ford automobile which was purchased by him from Frank Riley in March, 1941, for $250. He gave Riley a check on his bank account for the purchase price, and the car was licensed in his name. He testified that he put four new tires on the car and had it repaired, and that it was worth $325 when it was sold by the sheriff. His testimony as to the ownership of the other articles claimed by him was corroborated by the testimony of several witnesses. There was practically no testimony to the contrary.

Appellants contend that the court erred in admitting evidence as to the reasonable market value of the articles ·sold and in instructing the jury that if they found for the plaintiff they should award him such sum as they might believe from the evidence was the reasonable market value of the property owned by him and levied on and sold by the sheriff. They insist that the instructions should have limited the recovery to the amount the articles brought at the sale. They cite Blades v. Blades' Adm'r, 289 Ky. 556, 159 S. W. (2d) 407, but that was a case where an administrator sold at public auction personal property which should have been set aside to the widow as exempt, and there was no competent, relevant evidence tending to show that the property did not sell for its reasonable market value at the public sale. In 26 R. C. L. 1120, it is said: ''The rule is well settled that the wrongful seizure of the property of one person under legal process directed against another amounts to a conversion, for which an action of trover may be maintained against the officer who makes the seizure, or against the person who directed the officer to act.''

In Winstead v. Hicks, 135 Ky. 154, 121 S. W. 1018, 1021, 135 Am. St. Rep. 446, the execution defendant sued on the bond of indemnity required by the sheriff before selling the property levied on. In the course of the opinion it was said: ''Although this is an action on the bond of indemnity, it is properly classified as belonging to that of actions of trover at the common law. The effect of the execution of the bond is, if the surety is good, to restrict the right of action for damages for the conversion of the property under the execution to an action on the bond. The makers of the bond are substituted in liability for the sheriff.''

The court also said in that opinion: ''The general rule is that in an action of trover the measure of damages is the value of the property, with interest (in the discretion of the jury) from the time of its conversion (Sanders v. Vance, 7 T. B. Mon. 209, 18 Am. Dec. 167).''

See, also, Hale v. Ames, 2 T. B. Mon. 143, 15 Am. Dec. 150; Cable Co. v. Greenfield, 196 Ky. 314, 244 S. W. 692; Davis' Adm'r v. Kentland Coal & Coke Co., 247 Ky. 642, 57 S. W. (2d) 542; Long's Ex'rs v. Bischoff, 277 Ky. 842, 127 S. W. (2d) 851.

Appellants complain because the court overruled their motion to transfer the action to the equity docket. It appears to be their view that the action should have been transferred under subsection 4 of section 10 of the Civil Code of Practice, which provides that the court may, in its discretion, order the transfer of an action from the ordinary to the equity docket whenever the court shall be of the opinion that such transfer is necessary because the case involves accounts so complicated, or such great detail of facts, as to render it impracticable for a jury to intelligently try the case. The present case involved no unusual complications. The principal question for the jury's determination was whether or not the plaintiff owned the property claimed by him which had been levied on and sold, and its value if he owned it. Several articles of property were involved, and a number of witnesses testified as to their ownership and value. This was not sufficient to authorize a transfer of the case to the equity docket. Insurance Co. of North America v. Creech Drug Co., 264 Ky. 364, 94 S. W. (2d) 654. As said in Asher v. Golden, 232 Ky. 1, 22 S. W. (2d) 411, 412: "The fact that a great mass of evidence was to be introduced on this issue does not change the result. If this were not so, every legal issue could be transferred to equity for trial where it appeared that there were a great number of witnesses to be heard upon it."

Appellants finally insist that appellee is estopped to maintain this action by reason of an agreement entered into by the parties to the first action shortly before the institution of this suit. Appellee was named a defendant in the original action, but was not summoned and no judgment was rendered against him. The agreement referred to provided that the judgment against Will Rowland and Minnie Rowland for $2,100 which with interest and costs amounted to $2,943.65, should be settled by the payment to the plaintiffs by the defendants in that action of $1,000, this sum being in addition to the proceeds of the sale of the personal property by the sheriff. It was provided that the agreement should be entered as an agreed judgment in the action of Mattie L. Lane et al. v. Will Rowland and Minnie Rowland. The agreement concluded with this sentence: "Should Richard Rowland desire to assert any claimed rights herein, he is to have a reasonable time to do so and this judgment and order is not to prejudice the rights of either Richard Rowland or the plaintiffs as be-

tween them.'' This clearly reserved to Richard Rowland the right to bring an action to recover the value of property levied on and sold by the sheriff which he claimed belonged to him. He had sought to employ the attorney who drew the agreement to bring such an action, and obviously all parties to the agreement knew that he was asserting a claim. Richard Rowland testified that he knew nothing about the agreement until after it had been executed. Appellants were not misled by any act of his and no element of estoppel is present.

The judgment is affirmed.