## City of Frankfort v. Jones.

(Decided February 13, 1925.)

### Appeal from Franklin Circuit Court.

1. Municipal Corporations—Defense of Independent Contractor Inapplicable to Damages After Completion of Sewer.—Defense of independent contractor would not apply to damages from city's breach of contract to maintain open ditch across plaintiff's land and consequent overflows since completion of sewer by the contractor.
2. Municipal Corporations—Defense of Independent Contractor Not Available, where Damages are Natural Consequences of Work.—Defense of independent contractor is not available, where damages are result of work itself, as in case of injuries to crops, roads, and fences in construction of sewer, including use of roads, removal of fences, and necessary travel over plaintiff's fields.
3. Municipal Corporations—Contract Obligation to Pay Damages Not Avoided by Delegating Performance of Work to Contractor.—City expressly agreeing to pay all damages to roads, crops, and fences from construction of sewer, for which it was granted an easement, cannot relieve itself from contractual obligations by delegating performance of work to independent contractor.
4. Appeal and Error—Defense Not Relied on in Trial Not Considered on Appeal.—Defense not relied on in trial court need not be considered on appeal.
5. Municipal Corporations—Exercise of Governmental Function no Defense to Contract Obligation to Pay Damages.—City expressly agreeing with one granting it an easement to pay damages to roads, crops, and fences from construction of sewer, as well as those arising from failure to maintain structures after completion, cannot avoid contractual obligations, if authorized to so contract, on ground that it was exercising governmental function.

JAMES H. POLSGROVE for appellant.

LESLIE W. MORRIS for appellee.

### OPINION OF THE COURT BY JUDGE THOMAS—Affirming.

The appellant and defendant below, city of Frankfort, acquired by deed from the appellee and defendant,

S. Noel Jones, an easement to construct through his farm, near the city, a sanitary sewer which it is conceded it had the right under its charter to do. Plaintiff's farm is in a bottom through which ran a natural stream along which and in which, in some places, it was necessary to lay the sanitary sewer, which was a buried one, and it was also necessary to construct and maintain what is called in the record an open storm water sewer for the purpose of taking care of the surface water as well as the excess quantity above the capacity of the sanitary sewer in times of heavy rains. In the deed that plaintiff executed to defendant conveying the right of way, it was expressly agreed that defendant "is to keep the open storm water sewer deep enough to carry away all surface water and keep the banks of said open ditch clear of undergrowth to a distance of ten feet, from the banks of the ditch, this undergrowth to be cut off at least once a year in the month of August." It was also provided therein that the city would be liable to plaintiff for any damages sustained by him resulting from "the construction and operation of said sewer," and that it would pay to him the damage done to any growing crops because of the construction or maintenance of the sewer, and that it would repair all fences torn down or removed during its construction. Likewise it agreed to respond to plaintiff in damages produced by breaks to the closed sanitary sewer whereby plaintiff's land might be overflowed, and which were located at or near the point where the sewer emptied into Kentucky river. Defendant also agreed to pay all damages done to the passway and roads traversing plaintiff's farm that it caused or produced while using them in the construction of the sewer.

This action was brought by plaintiff against the city to recover various items of damages for alleged violations of the terms of the contract, aggregating $977.50. The answer of the defendant was a denial, with the additional plea in a separate paragraph that the work of constructing the sewer was let to an independent contractor and that defendant was not liable for the violations of the terms of the contract by such contractor. Without demurring to that paragraph plaintiff denied it, and upon trial by a jury it returned a verdict in favor of plaintiff in the sum of $527.50, which the court declined to set aside on defendant's motion for a new trial, and from the judgment pronounced thereon the city prosecutes this appeal.

Seven grounds of complaint against the verdict are contained in the motion, but all of them are practically abandoned on this appeal except (1), the defense of independent contractor, and (2), that (which is urged for the first time on this appeal, it not having been relied on in the court below) defendant is not liable because the acts of which complaint is made were undertaken and performed by it in its governmental capacity and for which, as contended, it is not liable because it was engaged in a "governmental function." The other five grounds contained in the motion are wholly without merit and will not be referred to in this opinion. Ground (1) was not only pleaded but was also presented in an instruction offered by defendant which the court refused, and ground (2) was sought to be presented by the motion for a peremptory instruction offered by defendant but which the court declined to give. We will dispose of those two grounds in the order named.

1. The defense of independent contractor, relied on in ground (1), if available at all in this case, would not apply to any of the damages sought to be recovered resulting from a failure to *maintain* the open ditch or the dam at its mouth and consequent overflows resulting therefrom, since such injuries were not produced by anything done by the independent contractor but resulted entirely since the work was completed because of defendant's failure to observe its contract to maintain those parts of the structure and which it agreed to maintain in its contract. Eliminating such portions of the damage sued for, there remains only the injuries to crops, roads and fences produced by the contractor in the construction work, none of which is it shown was the result of his negligence but only as a natural consequence of doing the work.

If it should be conceded that the defense of independent contractor is available in an action based upon the violation of contractual rights, a question which we do not determine, then the defense must fail in this case as to the later damages (growing out of the construction of the work) because they were the result of doing the work as contemplated, *i. e.*, the construction of the sewer, including the use of the roads, the removal of the fences and necessary travel over plaintiff's fields whereby the damages sought to be recovered were sustained.

Where such damages were the result of the work itself, the defense of independent contractor is not available. L. & E. Ry. Co. v. Breathitt County Board of Education, 176 Ky. 541, and numerous cases cited in that opinion. See also annotations to the case of Hawver v. Whalen, reported in 14 L. R. A. 828, annotations on page 832; also annotations on page 426 to the case of Pine Bluff Natural Gas Co. v. Senyard, reported in 25 A. L. R., 419.

But the cases and citations referred to deal with actions sounding in tort, and none of them had under consideration the violation of contractual obligations. Here the defendant, city of Frankfort, expressly agreed to pay all damages to plaintiff's roads, crops and fences resulting from the doing of the work it had under contemplation and, clearly, it could not relieve itself from those contractual obligations by delegating the performance of the work to another. We, therefore, conclude that the court properly disallowed this defense.

2. In disposing of ground (2) but little need be said. In the first place no such defense as therein urged was relied on in the trial court, but if it had been interposed it could not be sustained, even if the work undertaken by defendant could be classified as one in the exercise of its governmental function (a question not decided), since such defenses apply to actions *ex delicto* and not to those *ex contractu*. Here the defendant expressly agreed to pay the character of damages now under consideration as well as those arising from its failure to *maintain* after completion the structures it had undertaken, and if it had the right to so contract, it cannot avoid its obligations so assumed by urging that in entering into the contract it was engaged in exercising a governmental function. No question is raised as to the authority of defendant to make the contract sued on or any part of it, and if it possessed such authority the conclusions hereinbefore expressed are so elementary as to require no extended discussion or the citation of supporting authorities.

We, therefore, conclude that the court properly overruled the motion for a new trial and the judgment is affirmed.