## Farmers Bank & Capital Trust Co. et al.
## v. Cockrell et al.

October 17, 1947.

Gilbert Burnett, Judge.

L. F. Speckman and Jones, Keith & Jones for appellees.

OPINION OF THE COURT BY JUDGE LATIMER—Affiming.

Appellee, Chenault Cockrell, by will of B. F. Cockrell, deceased, received certain of testator's estate upon the following limitations: "Such portion of my estate as I have devised to Chenault under this clause of my will I devise to him for and during his natural life and at his death to pass in fee to the heirs of his body should he leave any such surviving him, but in the event he should die without leaving living issue then it is my will that said portion shall pass one third in fee to L. B. Cockrell one third in fee to M. O. Cockrell and one third to Elizabeth Cockrell for and during her natural life and at her death to pass in fee to the heirs of her body but in the event she should die without leaving any living issue then it is to pass in fee one-half to L. B. Cockrell and one half to M. O. Cockrell and in order to preserve the principal of the sums devised to Elizabeth Cockrell and Chenault Cockrell until the principal is to be distributed to the persons entitled to the same it is my will that the Court having jurisdiction to probate this will shall appoint a trustee to take charge of and hold the same and loan the same out and pay the net income at the end of each year to party entitled thereto."

Apparently, by proceedings not material to this litigation, nor divulged herein, appellee, Chenault Cockrell, by deed took title for life, with remainder as in the quoted portion of the will above, to property in Louisville known as 2110 Edgeland Avenue. In 1942 the appellee, Chenault Cockrell, filed suit against the Commonwealth of Kentucky for the sale of the property for payment of taxes and for reinvestment under the will. The life tenant children filed an intervening petition joining in the prayer of appellee's petition. The court adjudged a private sale and conveyance by the court's commissioner to appellee, Nancy King, for the sum of $4,500. After payment of City, State and County taxes, real estate agent's commission, and plaintiff's attorney fee, the balance of $2,579.22 was paid over to appellant, Farmers Bank and Capital Trust Company, who was named trustee, under the provisions of the quoted portion of the will above, for the purpose of reinvestment under the will. Although not positively disclosed in this record, it appears appellee, Chenault Cockrell, and the remaindermen had contracted with Nancy King for purchase and sale of this property at the price of $4,500, and through procedure had undertaken to have the court ratify or confirm a private sale. Nancy King, the purchaser, apparently commenced immediately to repair the property and had expended the sum of $1,672.81. About one year after she had purchased the property she undertook to sell same. She was unable to consummate the sale and conveyance because question as to her title was raised. She then filed her intervening petition in the action, joining as defendants the life tenant, Chenault Cockrell, the remaindermen, and all the payees of the former judgment. She alleged, that under the belief she had a fee simple title, she had expended the amount mentioned above; prayed for rescission of her purchase and deed; for restitution of the $4,500 from the payees, with subrogation to the lien for taxes; a lien for 1943 and 1944 taxes; and a lien for the enhancement of the vendible value from her alleged improvements and repairs. The court granted Nancy King's petition to set aside as void the private sale and deed to her, and gave her lien in the sum of $7,363.27 as prayed for. The property was ordered resold. Nancy King became the purchaser at the second

sale for the sum of $9,125. The court confirmed this sale, and gave Nancy King the difference between the liens adjudged her and her bid of $9,125, or the sum of $1543.12. It appears that this was done upon the ground that there was a contract of sale. Bearing upon this question the court below commented as follows:

"* * * the said Nancy King is entitled to said sum of $1543.12 by reason of a contract of sale made with the plaintiff and the intervening petitioners, Woodson Chenault Cockrell, Anne Cockrell Wilson and Matthew LaPrade Cockrell, all of which appears by reference to the plaintiff's petition and the intervening petition of Woodson Chenault Cockrell, Anne Cockrell Wilson and Matthew LaPrade Cockrell.

"It is therefore ordered that Nancy King, be given immediate leave to withdraw from the sums in court the sum of $1543.12."

According to the prayer of Nancy King's petition, the appellant, Farmers Bank and Capital Trust Company, returned into court the amount of money received under the first judgment of sale which was void, at which time, or about that time, it asked the court for an allowance of commission upon the handling of the funds.

Appellees heretofore had filed motion to dismiss the appeal on the ground principally that the appellant, Farmers Bank and Capital Trust Company, had no interest in the action. This question requires a consideration of the facts as to the rise of the litigation and especially the appearance and interest of the appellant, Farmers Bank and Capital Trust Company, as a party herein. It will be noted that subsequent to the original void private sale to Nancy King, but pursuant to the provisions of the will, the appellant, Farmers Bank and Capital Trust Company, was named trustee merely for the purpose of reinvestment under the will. As such it had no interest in the funds. It was made party under the intervening petition of Nancy King only for the purpose of being required to repay into court the funds placed in its hand subsequent to the void judgment.

It will be noted also that the appellant Bank had no interest whatsoever in the subject matter of the original petition, and the remaindermen by intervening

petition had asked for the sale and joined in the prayer of the original petition. All parties interested were named as defendants in the intervening petition of Nancy King. Appellant Bank was made party only for the purpose of requiring it to pay back into court the funds acquired pursuant to a void order. None of the parties named as appellants in the appeal herein filed any sort of response, nor made any exceptions or objections to any of the procedure herein.

In Benefit Ass'n of Railway Employees v. Secrest, 239 Ky. 400, 39 S. W. 2d 682, 687, we said: "It is a fixed rule of this court that a question not raised by the pleadings will not be considered on appeal. * * * A defense not relied on in the trial court will not be considered on an appeal to this court. City of Frankfort v. Jones, 207 Ky. 289, 269 S. W. 326."

It is not clear from the statement of appeal as to whether or not the Farmers Bank and Capital Trust Company, Trustee, is undertaking to represent all of the appellants as trustee, or undertaking to prosecute the appeal at the instance and request of, and actually represents, the other appellants. But, be that as it may, clearly the Farmers Bank and Capital Trust Company has no interest in the action, and as trustee has no power to act as such in the action. Consequently, the motion to dismiss as to it should be and is sustained. As heretofore stated, the other parties by intervening petition asked and obtained the sale of the property and apparently received the price they had formerly agreed upon. To the intervening petition of Nancy King, the purchaser, they presented no demurrer; filed no answer; nor interposed any objection or exception. They apparently obtained the relief originally sought.

Consequently, the judgment of the lower court is affirmed.